## ASA B. MEECH v. WILLIAM BROWN.

Upon the return of a summons in a district court, the clerk has the power, in the absence of the justice, to adjourn the cause, but not to join issue.

In such a case, the proper time for demanding a jury is not upon the return day, but after joining issue, on the day to which the cause has been adjourned.

This court will review the decision of a justice of a district court, denying a jury trial, although no exception to the decision was taken.

APPEAL by defendant from a judgment of the Sixth District Court. The facts sufficiently appear in the opinion of the court.

*Woodbury and Churchill*, for the appellant.

*James McGay*, for the respondent.

BRADY, J.—On the return day of the summons, the justice was absent, and the clerk adjourned the action. This he had power to do. Session Laws, 1840, p. 123. He had no power to enter the pleadings, and the issue could not then be joined without the consent of the parties, and the issue was not joined. The defendant demanded a jury on such return day, and tendered the fees for the venire, but the clerk informed him "that that was not the time to demand a jury trial, and that he must wait till issue was joined on the adjourned day." On the adjourned day, the defendant, after issue joined, demanded a jury; his demand was not complied with, and his application was denied on the ground that *it was too late.* The clerk acted properly in deferring the demand for the jury until *after issue joined.* Such is the provision of the statute on that subject. Laws of the state relative to the city, p. 46, § 95. I think, however, that the justice erred in deciding that it was too late to demand the jury. His refusal was, doubtless, based upon the act of January 4, 1820, § 111, which provides "that it shall not be lawful for either of the parties, after the day on which *an order has been made for an adjournment*," to demand of the court that such action be tried by a jury. At that time, and until the act of 1840, *supra*, the clerk had no power to adjourn any action, and if the justice was absent the action abated. And it was not necessary, therefore, by any proviso in the act of 1820, to protect the defendant from the effect of an order for an adjournment *prior to issue joined*, if, indeed, any such proviso could be deemed necessary, had that act itself conferred the power to adjourn, on the clerk, given by the act of 1840. I think no proviso would even then have been necessary, and that the act of 1820 in no way conflicts with or intervenes the right of the defendant to a jury where the adjournment is made *before* issue is joined, in consequence of the absence of the justice. The act of 1820 contem-

plates an order for an adjournment *by the court* and not by the clerk, and for these reasons the judgment must be reversed. To hold otherwise would deprive litigants, in the district courts, of the right of trial by jury in all cases where the justice is absent on the return day of the summons. Such a result is neither within the letter nor the spirit of the acts referred to.

I do not consider it an answer to this objection, that the defendant took no exception to the decision of the justice, and proceeded with the trial. The object of the court, in compelling a party to make his objection in time, is to enable his adversary to supply the defect, or correct the error, which forms the subject of the objection. The *exception* presents that objection to the court on a review, but the plaintiff withheld his consent for the jury, and thus placed himself beyond the equity of the rule referred to. Independently, however, of that view of the case, I think, under the bill of rights, and the provisions of the constitution, the right of trial by jury is so sacredly secured, that when it is denied, and that fact is brought to the notice of a court of review, it imposes a duty on that court which is paramount to all technical rules of practice, to see that the denial was justified by the laws of the land, and, if not, to remedy the wrong by the exercise of its authority.

Judgment reversed.