## ANDREW OAKLEY *v.* THE WORKING MEN'S UNION BENEVOLENT SOCIETY.

On the return of a summons in a district court, in an action against an incorporated society, the president appeared and put in an answer, alleging payment of the amount claimed; at a subsequent day, to which the trial was adjourned, the defendant failed to appear, and the plaintiff had judgment upon the pleadings. *Held*, upon appeal, that the judgment was regular.

In the absence of any proof to the contrary, this court will, upon an appeal, assume that a person appearing for a defendant in a district court, was authorized so to do, as his attorney or agent.

APPEAL by the defendants from a judgment entered against them in the Sixth District Court. The action was to recover for moneys which accrued to the plaintiff, as a member of the defendants, for monthly benefits. On the return of the summons, the president of the society appeared, admitted that it was an incorporated body, and that the money claimed had accrued to the plaintiff, but alleged that he had been paid. An answer of payment having been put in, the trial was adjourned. At the adjourned day, no one appearing on behalf of the defendants, the plaintiff had judgment on the pleadings, and without making any proof of his claim. The defendants appealed.

*McCunn & Moncrief*, for the appellants.

*William A. Coursen*, for the respondent.

By the Court, DALY, First Judge.—We have nothing before us in this case but the justice's return. If the admission, made by the president of the society, was the result of collusion between him and the plaintiff, that fact should have been shown by affidavit. From the return, there was no error in the proceedings or in the giving of judgment. On the return day of the summons the president of the society appeared for the defendants, and admitted that they were an incorporated body.

He also admitted that thirty-six dollars had accrued to the plaintiff as a member of the society, being his monthly benefits; but, as an answer to the action, pleaded that the thirty-six dollars had been paid to the plaintiff. Issue being thus joined upon the plea of payment, the cause was adjourned, by consent, to another day for trial. On that day no one appeared for the defendants, and the plaintiff had judgment for the thirty-six dollars. This was entirely regular. The plaintiff was not required to prove what was admitted by the pleadings upon the joining of issue. The only point at issue was, whether the defendants had paid the thirty-six dollars; and that was for them to prove. They neglected to appear, and the plaintiff was entitled to judgment. The president must be regarded as appearing for the corporation, as their attorney in fact; for, in defending a civil action, a corporation aggregate can appear only by attorney, (Coke Litt. 66, b. 10 Rep. 32), and the court will assume that he who appears for them, as their attorney, was authorized to do so under their common seal. *Thames Railway Co.* v. *Hall*, 5 M. & Gra. 287. If the fact was otherwise in this case, the appellants should, upon the hearing of the appeal, have read an affidavit to that effect, assigning it as error in fact.

In the district courts parties may appear and defend in person, or by an attorney of the Supreme Court of this state, or by an agent. District Court Act, 1857, p. 80, § 9, sub. 1. The president, in this case, appeared as the defendants' agent or attorney in fact, and it will be assumed that he had authority to do so until the contrary is shown. Appearing and pleading in the suit as their agent, his admission upon the joining of issue was binding upon them.

Judgment affirmed.