Titus, J.
This is an appeal from a judgment of the municipal court of Buffalo, entered on the verdict of a jury, by direction of the court in favor of the plaintiff for $15.15 costs, and. the return to the plaintiff of certain chattel mortgaged property. The gist of the action was the wrongful detention of property by the defendant, with the allegation of fraud and conspiracy against the plaintiff. A jury was duly empanneled to try the issue, and after the close of the evidence, the plaintiff moved the court to direct a verdict in favor of the plaintiff. The motion was granted, and the jury directed to bring in a verdict against the defendant, which it accordingly did. The defendant objected to such direction, and asked that the evidence be submitted to the jury.=
It is now claimed by the defendant, among other things, that the court below had no authority to direct a verdict, and that the evidence in the case should have been submitted to, and passed upon, by the jury. I think the defendant is clearly right in his position, and that the court does not possess any power to direct a verdict when a jury Ms once been empanneled to try the cause. The practice in this state has been uniform that a party may either submit his case to the justice or call for a jury, and when he once exercises his right to a jury trial a justice of the peace cannot take it away from him, or in any way interfere with the jury while in the proper exercise of their functions, and their verdict, however erroneous or irregular it may be, is the verdict of the jury on which the justice must enter judgment, and the only remedy the aggrieved party has is by appeal. Section 3044, Code Civ. Pro.
At the close of the plaintiff’s case the justice may non-suit the plaintiff if there be no evidence tending to"establish his cause of action; but if there is the slightest proof on which a verdict could properly be founded, then it would be error to non-suit. Clements v. Benjamin, 12 Johns., 299; Elwell v. McQueen, 10 Wend., 520.
In those cases where a party is entitled to a jury it is a matter of right, and a justice cannot legally deprive him of it. Meech v. Brown, 1 Hilt., 257.
A justice may charge a jury upon the law subject to the same strict rule applicable to courts of record, that if he erroneously states the law it will be error for which the *244 judgment will be reversed; but if he omits to charge the jury, as he may do, the jury become the judges of the law as well as of the facts. McNeil v. Scoffield, 3 Johns., 436; 2 Wait’s Law and Practice, 526, 612, 621; Trustees v. Thorne, 6 Hill, 326; Chapman v. Fuller, 7 Barb., 70; Stroud v. Butler, 18 id., 327; Pettit v. Ide, 12 Abb., 44.
No authority is cited by the. plaintiff’s counsel to sustain the ruling, and I have not been able to find any intimation in the books that such authority exists in justices’ courts. The uniform practice is against its existence; and I have never known a justice court to exercise such authority.
Courts of limited jurisdiction can only exercise such authority as is conferred by statute, and no statutory authority is found which warrants a justice of the peace in directing verdicts.
The Code, which re-enacts the provision of the Revised Statutes with reference to justice courts does not give such power. It is provided by the Code, section 2989:
“When an issue of fact has been joined, if neither party demands a trial by jury, the justice must try the issue, hear the allegations and proofs of the parties and render judgment as prescribed in the last section.”
§ 2990. “After an issue of fact has been joined, and at any time before the justice proceeds to an investigation of the merits of the action by swearing a witness or receiving evidence, either party, or his attorney, may demand a trial jury.”
Section 2995, after prescribing the manner of drawing a jury, provides that “those persons constitute the jury to try the action.”
§ 2999. “After the jurors have been duly sworn, they must sit together and hear the allegations and proofs of the parties, which must be made publicly and in their presence.”
§ 3006. “After hearing the allegations and proofs, the jury must be kept together in a private and convenient place, under the charge of a constable, until they all agree upon their verdict ” * * *.
These' are the provisions of the Code relating to the duty of the jury, and the court can only discharge them after a reasonable time for failing to agree, and then must issue a new venire for a jury to try the cause. Section 3008.
The policy of the law evidently is, to give a party an opportunity, if he is not satisfied with the justice, to call for a disinterested body of men, his acquaintances and neighbors, impartially selected, to act as the judges in place of the justice, whom possibly his opponent has selected.
If the justice can direct the jury what to do in a given case, then the right given by law to a party to call a jury, *245 is a mere farce, and a justice, if so disposed, can deprive him. of all benefit, which the right to an impartial tribunal is supposed to confer. Inasmuch as a justice cannot interfere to set aside the verdict of a jury, the only remedy of a party, being an appeal, it would seem illogical that he might accomplish the same result by directing what Mnd of verdict to render.
It may be said, although the argument has not been made, that the municipal court has some power or authority different or greater than that given to justices courts, and consequently what has been said with reference to such courts would, not apply to the municipal court.
By chapter 344 of the Laws of 1880, creating the municipal court of Buffalo, it is provided that “that court shall have and possess the same powers and jurisdiction as are now possessed and exercised by justices of the peace in the city of Buffalo, except as herein provided." * *
Justices of the peace in the city of Buffalo had no power or jurisdiction, other or different than is exercised by the justices of the peace of towns, so far as the trial of civil actions was concerned. This statute somewhat enlarges the jurisdiction of the municipal court, as to the amount in controversy, and some other matters, not material to the question under discussion.
_Section 16 provides: “'Except as herein otherwise provided, the said municipal court shall have the power to open defaults, and set aside judgments, rendered and entered therein * * * upon such terms as may be just, in a case, when the defendant shall fail to appear on the return day of the process, or on any adjourned day," * * It confers upon that court the power formerly possessed by the superior court in opening a default, when parties failed to appear within the time limited for such appearance, before the filing of a transcript. The amendments to the act do not effect this question.
This statute confers no authority upon the municipal court to direct verdicts, if no such authority or power was vested in the justices of the peace of the city of Buffalo, and as that court had no such power, it would seem clear that the only conclusion to be reached is, that the judge below erred in taking away from the jury the question of fact, and directing a verdict in favor of the plaintiff.
Aside from the power of the court to direct a verdict, the answer alleged fraud, and the evidence tends to show at least, a good deal of sharp work by the plaintiff, and others with him, from which the jury may fairly have found a conspiracy, to obtain from the defendant her money, and then seize the property on the chattel mortgage. When *246 fraud is set up, slight evidence will suffice to sustain a verdict against a party, chargeable with it.
The judgment should be reversed, with costs.