## DEUTERMANN *et al. v.* NILSON.

*(Common Pleas of New York City and County, General Term.*     December 3, 1888.)

1. CLERK OF COURT—ADJOURNMENT BY—SUMMARY PROCEEDINGS—DISTRICT COURT.

   By the provisions of Code Civil Proc. N. Y. relating to summary proceedings to recover possession of real property, no express power of adjournment is given to clerks of district courts in New York city. Laws 1882, c. 410, § 1358, (consolidation act,) provides that "if upon the return of the precept" in such proceedings, "or upon an adjourned day, the justice is unable by reason of absence * * * to hear the cause, and it is not adjourned by the clerk in accordance with section 1292,'" which is a re-enactment of Laws 1857, c. 344, § 6, (giving the clerk power to adjourn actions in the absence of a justice,) a justice of another district may act. This section (1358) is a re-enactment of Code Civil Proc. § 2259, containing similar provisions, except that no reference is made to adjournment by the clerk. Section 2143 of the consolidation act provides that certain sections of the act, including section 1358, shall not be construed as making any new enactment, or as amending any provision of the Code. *Held*, that it sufficiently appears that the legislature intended that clerks should have the same power of adjournment in summary proceedings as in other actions.

2. LANDLORD AND TENANT—RECOVERY OF POSSESSION—ADJOURNMENT BEFORE ANSWER.

   Code Civil Proc. N. Y. § 2244, provides that at the time when the precept in such summary proceeding is returnable "without waiting, as prescribed in an action * * * in a district court of the city of New York, the person to whom it is directed * * * may file with the judge or justice, * * * or with the clerk of the court, a written answer." Section 2248 provides that "at the time when issue is joined" the judge may adjourn the trial. By section 2249, "if sufficient cause is not shown upon the return of the precept," the judge "must make a final order" for delivery of the property to the petitioner. *Held*, that where no judge is present when the precept is returned, the tenant is not required to appear and file an answer, but the cause may be adjourned by the clerk before issue is joined, and the tenant be allowed to file his answer at the adjourned day when the judge is present.

Appeal from Second district court

Summary proceeding by William Deutermann and George Deutermann to recover possession of real property held by Ann Nilson. Plaintiffs appeal from a final order in favor of defendant.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*H. Ketchum*, for appellants.     *C. K. Nilson*, for respondent.

PER CURIAM.   On the 2d of August, 1888, the clerk of the district court in the city of New York for the Second judicial district, at the request of the

appellants, and on their petition as landlords, issued a precept requiring the respondent as tenant to show cause at the court-room of the Second district court, at 3 o'clock in the afternoon of the same day, why the possession of a portion of 147 Grand street should not be delivered to the landlords. This precept was duly served on the tenant. The justice of the district court was not present at the time and place specified in the precept, nor was any justice of any other district court present, and the clerk, of his own motion, after noting the presence of the landlords and the non-appearance of the tenant, adjourned the cause until the 6th of August. No answer was filed at that time. On the 6th of August no justice was present, and the clerk again, on his own motion, adjourned the cause until the 8th of August. On the last-named day the justice was present, as were also the landlords and the tenant, and the latter then presented her answer to the petition. To this the landlords objected, and demanded a final order in their favor, on the ground that the tenant was in default in not appearing on the return-day. This was disputed by the tenant, and the court adjourned the cause until the 15th of August; and on that day, there being no justice present, the clerk adjourned the matter until the 22d of August. On the 22d of August the justice denied the motion of the landlords for a final order, allowed the tenant's answer to stand, tried the case, and thereafter made a final order in the tenant's favor. From this order the present appeal is taken.

The appellants contend that neither the justice nor the clerk had power to adjourn the proceedings until the tenant's answer was filed, and, as the latter failed to do this on the return-day, they became entitled to a final order absolutely; citing sections 2244, 2248, and 2249 of the Code in support of this view. Section 2244 provides that "at the time when the precept is returnable, without waiting, as prescribed in an action * * * in a district court of the city of New York, the person to whom it is directed * * * may file with the judge or justice who issued the precept, or with the clerk of the court, a written answer, verified in like manner as a verified answer in an action in the supreme court." This provision is permissive only, and not mandatory. The tenant is not bound by it to so file his answer; and in many cases he would deprive himself of valuable rights by so doing, as under the rule uniformly enforced in those courts, he would thereby waive all technical objections to the jurisdiction of the justice, the sufficiency of the petition upon which the precept issued, as well as to the precept itself, and also to the previous notice in those cases, which notice to quit is required as a prerequisite to the obtaining of a precept. The proceeding, being a statutory one, must be strictly construed, and any material defect in the papers will justify the justice in dismissing it. We think this section merely gives the tenant an option to file the answer or to wait until the justice arrives, when he may first object to the jurisdiction of the court, the sufficiency of the petition, notice, etc., and then, if these objections are overruled, he may file his answer. Section 2248 provides: "At the time when issue is joined the judge or justice may, in his discretion, at the request of either party, and upon proof to his satisfaction, * * * by consent of all the parties who appear, adjourn the trial of the issue. * * *" Section 2249 provides: "If sufficient cause is not shown upon the return of the precept, * * * the judge or justice must make a final order awarding to the petitioner the delivery of the possession of the property. * * *" But, as we have before shown, the tenant is not bound to file his or her answer in the absence of the justice, much less is he required to show cause before the clerk; for even in ordinary actions, unless it is expressly given by statute, the latter has no power to compel the joinder of issue. *Meech* v. *Brown*, 1 Hilt. 257. The tenant is required to show cause to the justice only. There is one other section directly applicable to the adjournment of summary proceedings in district courts, and that is section 2239, which provides: "* * * If upon the

return of the precept, or upon an adjourned day, the justice is unable, by reason of absence from the court-room, or sickness, to hear the cause, or it is shown by affidavit that he is for any reason disqualified to sit in the cause, or is a necessary and material witness for either party, a justice of any other district court of the city may act in his place at the same court-room." These are the only provisions of the Code expressly relating to the adjournment of summary proceedings, and it will be seen that by them the power of adjournment is given to the justice only, and not to the clerk in any case, either before or after issue joined. It will also be observed that all the proceedings must be had in the court-room of the court where they were originally commenced. No justice being present on the return-day, and no provision having been made by the Code as to what shall be done respecting these proceedings in his absence, we think the tenant is not bound to appear from day to day until he comes; and under such circumstances the proceedings fall entirely, (as was the case in ordinary actions in district courts before power was given the clerk to adjourn the court in the absence of the justice,) unless the clerk has the same power to adjourn them that he has to adjourn actions in these courts.

Section 1292 of the consolidation act, (chapter 410, Laws 1882,) provides: "* * * Whenever the justice fails to attend, the clerk may adjourn in the same manner as the justice might have done;" that is, in the same way or mode, not in the same cases, a justice might have done, for we concede a justice could not adjourn without an answer being filed; but this the clerk has no power to require. Section 1292 is but a re-enactment of section 6, c. 344, Laws 1857. Section 1358 of the consolidation act, which professes to be merely a re-enactment of section 2239 of the Code of Civil Procedure, before referred to, reads: "* * * If upon the return of the precept, or upon an adjourned day, the justice is unable by reason of absence from the court-room, or sickness, to hear the cause, *and it is not adjourned by the clerk in accordance with section* 1292 *of this act,* * * * a justice of any other district court of the city may act," etc. This would be entirely conclusive upon the question of the clerk's power to adjourn these proceedings, were it not that section 2143 of the consolidation act says, enumerating a large number of preceding sections including 1358: "These sections, being intended only to contain the substance of certain sections of the Code of Civil Procedure * * * or amendments thereof, shall not be construéd as making any new enactment, or as repealing, modifying, amending, or superseding any provision of either of said Codes, or any amendment thereof, but shall be treated and considered as embraced in this act, solely that it may contain all provisions of existing laws which are of special application to the city of New York." So that the words in italics cannot be construed as making any change in the Code of Civil Procedure. But it is not equally conclusive, as showing the interpretation which the legislature put upon its former enactment, and that it intended thereby that summary proceedings instituted in district courts should be subject to all the provisions in respect to the mode of procedure prescribed for actions in such courts, except as otherwise prescribed by statute? Else why insert the words in italics? They are ineffective as new legislation, and can be rendered effective only as showing the legislative intent of the former enactment. In accordance with this view it has been held, where summary proceedings were commenced before a justice of the peace, that all the provisions in respect to the mode of procedure in justice's courts apply to such proceedings. *People* v. *Loomis,* 27 Hun, 328. If the legislature did not intend that this proceeding should be subject to the procedure in actions in district courts, then it has utterly failed to limit the time within which the final order must be made by a justice of a district court, as there is no provision in the Code limiting that time. Although the legislature carefully restricts such courts to a specified time in which to do

acts in other cases, section 3120 of the Code expressly gives the power of adjournment to the clerks of district courts in the city of Brooklyn, and it is difficult to see why the legislature intended to give to such clerks greater power than is given by it to clerks of district courts in this city. The district courts of the city of New York have uniformly acted upon the theory that summary proceedings should in all respects be conformed to the practice in actions pending in those courts, where there was no express provision of law to the contrary, and the clerks of those courts have uniformly acted upon such construction, and adjourned summary proceedings in the absence of the justice. For these reasons we think it best to hold that the clerk had the power to adjourn the proceedings in this case, that the justice did not err in receiving the answer when he did, and that he had jurisdiction to make the final order which he did. We have examined the testimony, and find the evidence quite sufficient to warrant the justice in coming to the conclusion he did in this case. The final order should therefore be affirmed, with costs.