### MERWIN *et al.* v. ROGERS.

*(Common Pleas of New York City and County, General Term.    June 27, 1889.)*

JUSTICES OF THE PEACE—JUDICIAL ERROR.

Though under Code Civil Proc. N. Y. §§ 3126, 3207, it is the duty of a justice, upon the service of a summons and verified complaint on a defendant, to render judgment without proof on the return-day for want of an answer, yet the adjournment of the action over plaintiff's objection is a judicial error, and the plaintiff cannot recover damages of the justice, sustained by reason of other creditors securing liens on defendant's property pending the adjournment, whereby plaintiff loses his debt.

Appeal from city court, general term.

Action by Samuel Merwin and others against Andrew J. Rogers, to recover damages for misconduct of defendant as the justice of the tenth district court in the city of New York. The special term of the city court sustained a demurrer to the complaint, ( 1 N. Y. Supp. 211,) and this judgment was affirmed by the general term, (2 N. Y. Supp. 396.) Plaintiffs again appeal.

Argued before VAN HOESEN, P. J., and DALY, J.

*J. Homer Hildreth,* for appellants. *James C. De La Mare,* for respondent.

DALY, J. It appears that the defendant, while sitting as a justice of a district court in the city of New York,—that being an inferior court of limited jurisdiction,—and having before him a certain action of Merwin and others (these plaintiffs) against John A. Mapes, upon the return-day of the summons herein, and having the summons, verified complaint, and due proof of service thereof upon the defendant before him, and no answer being filed by defendant, refused then and there to give judgment for the plaintiff, as required by the Code, §§ 3126, 3207, but adjourned the cause for three days, against the objection of the plaintiffs, and rendered judgment in their favor on the adjourned day, and not before. The action is brought to recover as damages against the justice the amount of plaintiffs' said judgment; certain other creditors of said Mapes having, between the return-day of the plaintiffs' summons and the said adjourned day, procured and levied an attachment on the property of Mapes, whereby plaintiffs have suffered the loss of their debt. The plaintiffs claim that the justice exceeded his jurisdiction, and acted without color of authority, in adjourning their cause, and disregarding the provisions of the sections in question, which declare that in an action upon contract, where a verified complaint is served with the summons, unless the defendant, upon return of the summons, files a written and verified answer denying each allegation of the complaint, or one or more material allegations thereof, or setting forth new matter constituting one or more defenses or counter-claims, the justice must render judgment for the plaintiff for the sum claimed in the complaint, with costs, without putting the plaintiff to any proof.

It is conceded that the justice had jurisdiction of the subject-matter of the action, and also jurisdiction of the parties. This being the case, he did not

act without color of authority, nor did he exceed his jurisdiction in adjourning the case without summarily rendering judgment. The precise point was passed upon in *Horton* v. *Auchmoody*, 7 Wend. 200, where it was held that the unauthorized adjournment of a cause of which the justice had jurisdiction was error of judgment, and did not subject him to action; he being entitled to the protection afforded to a judge of a court of record. In that action Auchmoody was sued by one Wilson before Horton, who was a justice of the peace. The parties appeared on the day to which the case was adjourned, when the plaintiff applied for a further adjournment, which was granted, against the objection of the defendant. Judgment was rendered afterwards for the plaintiff, and execution was issued, and the property of the defendant levied upon and sold thereunder. The defendant sued the justice as a trespasser in rendering judgment after he had lost jurisdiction by the unauthorized adjournment of the cause. The court held that under the authorities the justice had no authority to grant an adjournment, and that such unauthorized adjournment was an end of the suit, but that, where a remedy is sought against a justice, the principle of judicial irresponsibility should be interposed so far as it is applicable; that the justice had jurisdiction of the cause, of the parties, and of the question of adjournment; his error was an error of judgment; and that, while the judgment entered after such adjournment would be reversed upon appeal, such judgment was not a proper subject of inquiry as to the merits in another tribunal; that if the justice were liable it would have to be conceded that such liability arose from a judicial act which is contrary to established principles; that the judgment of the justice was not void, but voidable only; that it was valid until reversed, though founded in error; and that the justice was not a trespasser. Applying the principles of this decision to the case before us, it must be held that the justice having the cause, the parties, and the question of adjournment before him, his decision as to such adjournment was a judicial act, for error in which he cannot be held liable. See, also, opinion of FOLGER, J., in *Lange* v. *Benedict*, 73 N. Y. 36, referring to *Striker* v. *Mott*, 6 Wend. 465. The judgment of the city court should be affirmed, with costs.