PEOPLE ex rel. ALLEN. v. MURRAY, Justice.

(Superior Court of New York City, General Term. January 19, 1893.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS BY LANDLORD FOR POSSESSION—POWER OF COURT TO CONTINUE.

Where, in a summary proceeding for the possession of leased premises for nonpayment of rent, the petition and precept are as required by statute, and the latter has been duly served on the tenant, who fails to answer at the time required thereby, the justice of the district court has no authority to refuse judgment and a warrant to dispossess the tenant, and continue the proceeding on his own motion to a subsequent day.

2. SAME—MANDAMUS TO JUSTICE.

In proceedings for mandamus to a justice of the district court, it appeared that, in summary proceeding before him, on the return day an attorney who had for many years been a member of the bar of the state, and a frequent practitioner in defendant's court, stated to the court that he appeared as attorney for the landlord; that the justice demanded that he make proof of his authority, which he refused to do, and moved for judgment; that the tenant was present, but filed no answer; that the court adjourned the proceedings until the next day to enable the said attorney "to produce some proof of his authority to appear;" that on the following day, neither the landlord nor attorney appearing, but the tenant appearing in person, the justice dismissed the proceeding; and that such attorney had authority to appear for the landlord therein. The justice submitted an affidavit in substance charging the attorney, on information and belief, with misconduct in prior cases. *Held,* that a writ of mandamus commanding the justice to make the proper final order, and to issue a warrant in conformity therewith, in such proceeding, was proper.

Appeal from special term.

Proceedings in mandamus by the people of the state of New York, on the relation of Charles F. Allen, against Thomas E. Murray, as justice of the district court of the city of New York for the eleventh judicial district, to compel him to enter the proper order and issue the proper warrant in summary proceedings for the possession of leased premises. From an order granting the writ, defendant appeals. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

William Allen, for appellant.

William H. Secor, for respondent.

PER CURIAM. The relator is the owner and landlord of premises No. 259 West Forty-Seventh street, in the eleventh judicial district in the city of New York. On the relator's petition, a precept was issued, requiring a tenant to remove from the premises, or show cause before the district court for said district, on the 30th day of September, 1892, why the possession of the said premises should not be delivered to the landlord. The petition and precept met the requirements of the statute in both form and substance, and the precept was duly served upon the tenant. The controversy arises over what occurred in the court at the time the precept required the tenant to show cause, to wit, the said 30th day of September, 1892. At that time, one William H. Secor, for many years a member of the bar of the state of New York, a frequent practitioner in said court, and personally well known to the justice of said court, arose and stated to the court that he appeared as attorney for the landlord in the proceedings under consideration. The justice demanded of said Secor that he show some proof of his authority to appear. Said Secor refused, and failed to show the justice any evidence of his right or authority to appear in said proceeding, and moved for judgment, and the usual warrant to dispossess the tenant for nonpayment of the rent; the said tenant, although present, having failed to file an answer as required by section 2244 of the Code of Civil Procedure. The justice thereupon, on his own motion, adjourned the proceedings to the following court day, which was the 3d day of October, 1892, for the purpose, as stated by said justice, "of enabling said Secor to produce some proof of his authority to appear for said landlord in said proceedings." At the adjourned day, on October 3d, the tenant appeared in person. Secor did not appear, nor was the landlord present or represented by an attorney, and thereupon the justice dismissed the proceedings. Upon the application of the landlord, supported by affidavits, this court thereupon made an order requiring the said justice to show cause why a peremptory mandamus should not issue directing the said justice to issue a warrant for the possession of said premises pursuant to the prayer of the landlord's petition. The moving affidavits and the order to show cause were served both upon the justice and the tenant, but the tenant failed to appear. The justice appeared, submitted an affidavit substantially charging Mr. Secor, upon information and belief, with misconduct in prior cases, and claiming this to have been sufficient to call upon him for proof of his authority to appear in the proceeding

in question; and a hearing was thereupon had which disclosed the facts above stated, as well as the additional fact that Mr. Secor had been fully authorized by the landlord to appear as he did, and finally resulted in an order granting the landlord's application, and commanding the justice to make the proper final order, and to issue a warrant in conformity therewith. From this order the justice alone appeals. On the appeal it was conceded that the mandamus has been complied with, that the warrant has been issued and executed, and that the tenant has acquiesced.

The facts being as stated, the substantial question presented by the appeal is whether the said justice had power to adjourn the proceeding to a future day on his own motion, and without an answer having been filed by the tenant. The power to adjourn is conferred by statute, viz. section 2248 of the Code, and is to be exercised only at the time when issue is joined, at the request of either party, and upon proof that an adjournment is necessary to enable the applicant to procure his necessary witnesses. If sufficient cause is not shown on the return of the precept, (which includes a case in which no answer is filed by the tenant,) the justice, under section 2249, must make the final order, and under section 2251 must issue his warrant. These sections constitute substantially an incorporation into the Code of Civil Procedure of the provisions of a former statute which had been enacted for the express purpose of giving to a landlord a summary remedy against a defaulting tenant. The remedy thus provided is not an action, but a summary proceeding. In a case arising under the former statute, (Boller v. Mayor, 40 N. Y. Super. Ct. 523,) in which, by the way, a counter affidavit had been filed, it was expressly held by this court at general term that in such a summary proceeding there is no power or jurisdiction in the justice to adjourn the hearing, except upon the request of either party, and for the purpose of enabling the party applying to procure his witnesses, if that should appear to be necessary. In Kiernan v. Reming, 7 Civil Proc. R. 311, the same rule was laid down and enforced upon the authority of Boller v. Mayor, supra, in a case which had arisen under the present Code. In Ahrens v. Burke, 63 How. Pr. 50, decided in 1881, the general term of the court of common pleas, as the appellate tribunal for the determination of appeals from district courts, expressly held that, even in an action, the justices of the district courts in the city of New York have no power to adjourn the case without an answer having been filed on the return day. And in Deutermann v. Nilson, 3 N. Y. Supp. 113, (decided in 1888,) the general term of the court of common pleas, in passing upon the power of the clerk of a district court to adjourn the court in the absence of the justice, expressly stated that the justice cannot adjourn the hearing of a summary proceeding without an answer having been filed. These four cases have never been overruled by the court of appeals, and consequently we find ourselves concluded by authority, at least as far as summary proceedings are concerned. True, there are some cases which seem to lend color to the contention of the appellant, but they can be readily distinguished. Merwin v. Rogers, (Com. Pl. N. Y.) 6 N. Y.

Supp. 882, and Horton v. Auchmoody, 7 Wend. 200, were actions, and not summary proceedings, and the question involved related to the personal liability of the justice.    In Brown v. Mayor, 66 N. Y. 385, there was a request by the subtenant and consent by the landlord.    Some other cases hold that, where the parties consent, or do not object, to an adjournment, the jurisdiction is not lost.    But it is not necessary to enlarge upon them, because they do not apply.    In the case at bar the landlord appeared by a duly-authorized attorney, consented to nothing, waived nothing, and insisted upon his right to the final order and warrant in default of an answer by the tenant.    We also fail to see how the decision of Boller v. Mayor, supra, can be criticised, as was done in Goff v. Vedder, 12 Civil Proc. R. 385, by a reference to the decision by the general term of the supreme court, fourth department, in People v. Loomis, 2 Civil Proc. R. 278.    The case last referred to presented a question as to the time a justice of the peace had in summary proceedings to render his final decision after the submission of the cause to him, and it was held, the statute being silent in regard to it, the provision applicable to an action in the court of such a justice applied, and that under that the final decision should have been rendered within four days after the submission of the cause to him; and, in coming to that conclusion, the general statement was made that, where summary proceedings are instituted before a justice of the peace, all the provisions in respect to the mode of procedure in actions in justices' courts apply to such proceedings, except as otherwise prescribed by statute.  In Boller v. Mayor it was held that the statute did prescribe that no adjournment should be had except as authorized by its terms, and this construction of the statute has never been disapproved by the court of appeals. Other questions involved in the application for the mandamus have been so fully discussed by the learned judge who made the order appealed from that further elaboration is unnecessary.    Suffice it to say that the justice had no power to adjourn the proceeding in default of an answer on the part of the tenant, that the authority of Mr. Secor to appear for the landlord was to be presumed, and that under the circumstances it was the duty of the justice to make the final order, and issue a warrant in conformity therewith; and it further appearing, on the motion for a mandamus, that Mr. Secor in fact had had ample authority to appear for the landlord as he did, and that the tenant had nothing to say in opposition to the motion, the case was a proper one for a mandamus commanding the said justice to do what, on the 30th day of September, 1892, he ought to have done.    The order appealed from should be affirmed, with $50 costs and disbursements.