FRANK J. SARMIENTO AND CHARLES C. BOWEN V. THE DAVIS BOAT & OAR COMPANY AND GEORGE S. DAVIS.

*Corporations—Appeal bond—Authority of president—Corporate seal.*

1. The president of a corporation, who is also its general manager, has general authority to appear, to employ counsel, and to answer to suits brought against the corporation, and is authorized, without special authority from the corporation, to execute a bond for the corporation on appeal from one court to another.

2. Act No. 162, Laws of 1893, which provides that any corporation may have a common seal, which it may alter at pleasure, and that such seal affixed to any instrument purporting to be executed by the corporation shall be *prima facie* proof of the due adoption of said seal, and that it was affixed to said instrument by due authority, and that said instrument was in fact lawfully executed by such corporation, does not require that the corporate seal be attached to such instru-

ment, but only makes it *prima facie* proof of due authority whenever it is attached thereto.[1] .

Motion by complainants to dismiss appeal. Argued April 2, 1895. Denied May 21, 1895. The facts are stated in the opinion.

*Edward A. Gott* (*Alfred Russell*, of counsel), for the motion.

*Ed. E. Kane* and *Russel & Campbell*, contra.

Grant, J. This suit was brought under the water-craft law of this State. The vessel, which had been attached, was released upon the filing of a bond, signed "The Davis Boat & Oar Company, by Edgar A. Davis, President." Judgment went against the boat company and George S. Davis, the surety on the bond. Both complainants and defendants appealed to this Court. The appeal bond was signed by the Davis Boat & Oar Company in the same manner as was the bond upon which the judgment is based. No objection was taken to the form of that bond, and the authority of Mr. Davis, its president, to execute it was not questioned. Complainants now move to dismiss the appeal in this case for the reason that the company has filed no such bond on appeal as is required by law, "there being no evidence in writing that the Davis Boat & Oar Co., a corporation, has authorized Edgar A. Davis to execute the bond filed, or affix a seal." The sole objection is that no corporate seal was attached to the bond. In reply to this motion, Mr. Davis has filed an affidavit, showing that his author-

---

[1]See Act No. 198, Laws of 1895, which provides that all deeds and other instruments in writing executed by any private corporation not having a corporate seal, and now required to be under seal, shall be deemed in all respects to be sealed instruments, and shall be received in evidence as such, provided the word "seal" or the letters "L. S." are added in the place where the seal should be affixed; and that any instrument or writing duly executed in the corporate name of a corporation which shall not have adopted a corporate seal, by the proper officers of the corporation, under *any* seal, shall be deemed to have been executed under the corporate seal.

ity was so extensive as to authorize the signing of the bond. The usual scroll as a seal was affixed to the bond. Mr. Davis is shown to be the general manager and to have entire control of all the business of the corporation. He is therefore presumed to have authority to execute the bond.

The only statute cited by counsel for the complainants upon which they rely to show the requirement of the use of the corporate seal is Act No. 162, Laws of 1893, which reads as follows:

"Any corporation, joint stock company, or partnership association, limited, may have a common seal, which it may alter at pleasure, and such seal affixed to any instrument purporting to be executed by any such corporation, joint stock company, or partnership association, limited, foreign or domestic, shall be *prima facie* proof of the due adoption of said seal, and that it was affixed to said instrument by due authority, and that said instrument was in fact lawfully executed by such corporation, joint stock company, or partnership association, limited."

This act does not require the corporate seal, but only makes it *prima facie* proof of due authority whenever it is attached. It would be impracticable to require every railroad or vessel corporation, doing business in many counties of the State, where it has litigation, and also in other states, to use its corporate seal in every such case. The complainants rested content with a bond to release the vessel executed in the same way. The chief executive officer of a corporation has general authority to appear, to employ counsel, and to answer any suits brought against it. Mr. Davis, having general authority to manage all the affairs of the corporation, will be held authorized to execute a bond for appeal from one court to another. *Insurance Co v Oakley*, 9 Paige, 500; *Bank v. Benton*, 2 Metc. (Ky.) 244; *Oakley v. Benevolent Soc.*, 2 Hilt. 488. See, also, *Preston Nat. Bank v. Purifier Co.*, 84 Mich. 381, 384, and authorities there cited.

The motion is denied, with costs.

The other Justices concurred.