DEPARTMENT OF HEALTH OF CITY OF NEW YORK v. BABCOCK.

(Supreme Court, Appellate Term. November 6, 1903.)

1. APPEAL—VACATION OF JUDGMENT—OPENING DEFAULT.

The return on appeal from a motion vacating a judgment stated that the parties appeared and proceeded to trial. The moving affidavit of defendant's attorney on the motion stated that it had been rendered by default, which was disputed in an affidavit of plaintiff's attorney. The order vacating the judgment stated that the defendant was not served, and did not appear, and did not authorize any one to represent him therein, and the court did not have jurisdiction. The order contained no recital that the judgment was taken by default. *Held*, that the order was not one opening a default, and therefore nonappealable, but was merely one vacating a judgment, and so appealable under the express terms of Municipal Court Act, § 257 (Laws 1902, p. 1563, c. 580).

2. SAME—TIME LIMIT.

Under Consolidation Act, § 1367 (Laws 1882, c. 410, p. 335), as amended by Laws 1894, p. 1871, c. 750, providing that any justice may at any time within 20 days after judgment vacate such judgment in his discretion, a motion to vacate a judgment must be made within 20 days after entry.

3. SAME—STATUTES—RETROACTIVE EFFECT.

Consolidation Act, § 1367 (Laws 1882, p. 335, c. 410), as amended by Laws 1894, p. 1871, c. 750, provided that any justice might at any time within 20 days after judgment vacate, modify, or set aside the same in his discretion. Laws 1896, p. 978, c. 748, gave justices power to vacate judgments at any time, and this provision was continued in Municipal

Court Act, § 253 (Laws 1902, p. 1562, c. 580). *Held*, that the provision of Laws 1896 and 1902, authorizing the vacation of judgments at any time, had no application to judgments rendered while section 1367, as amended by Laws 1894, was in force.

4. APPEARANCE—EFFECT—WAIVER OF ERRORS.

A voluntary appearance waives any defect in service of process.

5. SAME—PRESUMPTION.

Where the record on appeal shows that a certain person appeared at trial for one of the parties, it will be presumed that the person so appearing was authorized so to do.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the department of health of the city of New York against Samuel Babcock. From an order vacating a judgment for plaintiff, it appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

George L. Rives, for appellant.

Dixon & Holmes, for respondent.

FREEDMAN, P. J.   The return on this appeal shows that this action was begun by service of a summons upon "Mr. Goldman, as per instructions"; that on September 11, 1895, the plaintiff appeared by his attorney, and complained of the defendant in an "action for a penalty"; that the defendant appeared by G. M. L. Goldman, but what answer was interposed is not shown; that the pleadings were oral, and the case was adjourned until September 18, 1895; that on the last-named day "the parties appeared in person and by their respective counsel, and proceeded to a trial of the issues"; that on said September 18, 1895, a judgment was rendered in favor of the plaintiff and against the defendant for the sum of $200 damages and costs, and that on May 11, 1903, a motion was made to vacate said judgment and to substitute the executors of said defendant in his place, which motion was granted, and an order thereupon entered. From this order the plaintiff herein appeals.

The respondent urges that the order is not appealable, and his brief cites authorities showing that an "order opening a default" is nonappealable. There is nothing in the record to show that the judgment was taken by default; on the contrary, the return expressly recites that the parties "proceeded to a trial." It is true that in the moving affidavit of the defendant's attorney he swears "that this judgment having been rendered by default," etc., but this allegation is disputed in an affidavit of the plaintiff's attorney, and in this contention he is sustained by the recital in the return. The order appealed from, after reciting that, it appearing "that the defendant was not served nor appeared in the action, nor had any notice of the same, nor authorized any one to represent him therein, and that this court did not have jurisdiction of the defendant nor of the subject-matter thereof, and that said judgment is absolutely void," orders that said motion "to open, vacate, and set aside said judgment is hereby grant-

¶ 4. See Appearance, vol. 3, Cent. Dig. § 126.

ed." Upon what facts the trial judge based his statement that the defendant had "no notice of the judgment," nor "authorized any one to represent him," or that "the court did not have jurisdiction of the defendant nor the subject-matter," the return herein does not show. The order contains no recital that the judgment was taken by default. The order is one vacating a judgment only, and as such is clearly appealable under section 257 of the Municipal Court Act (Laws 1902, p. 1563, c. 580). We are of the opinion that the court below exceeded its powers, and had no authority to vacate the same and permit the executors to be substituted as defendants.

Judgment was entered in this action, as hereinbefore stated, on the 18th day of September, 1895. At that time the practice of the Municipal Courts, or District Courts, as they were then called, was regulated by the provisions of the consolidation act (chapter 410, p. 335, Laws 1882) as amended. On the 22d day of May, 1894, the Legislature passed an amendment to section 1367 of said consolidation act. That amendment is found in chapter 750, p. 1871, of the Laws of 1894, and provides that section 1367 be amended so as to read as follows:

"Sec. 1367. Any justice may at any time within twenty days after judgment has been rendered by him upon motion duly made, open and, set aside any default taken in an action tried before him, or vacate, modify or set aside any judgment rendered by him, and may award such costs, not exceeding $10, as a condition for opening such default, or vacating, modifying or setting aside any such judgment against any party to the action, as in his discretion shall be just and proper."

That amendment was in force in the District Courts in the city of New York until May 20, 1896, when section 1367 was further amended by chapter 748, p. 978, Laws 1896. By that law the section was amended so as to read as follows:

"Sec. 1367. The court, or any justice holding the same, may at any time upon motion made upon such notice as the justice may direct, open any default, and set aside, vacate, or modify any judgment entered thereon, and set the cause down for pleading, hearing or trial as the case may require, upon such terms and conditions as the court or justice may deem proper."

At the time, therefore, that the judgment in the above-entitled action was entered, a motion to vacate the same could be made only within 20 days after the entry of judgment. The defendant having failed to make any such motion within such 20 days was therefore barred from making such motion, and the court was without power to vacate said judgment. The remedy of the defendant, after the judgment was taken against him, was either by motion to vacate the judgment, which had to be made within 20 days after the rendering of judgment, or by appeal. If an appeal had been taken by the defendant, it should have been taken within 20 days after the entry of judgment, if the defendant was personally served with the summons, or appeared in the action. If the defendant had not been personally served and did not appear, an appeal could not have been taken after five years from the entry of judgment.

It will be observed that by chapter 748, p. 978, Laws 1896, power was given to the court or any justice holding the same to vacate judgments at any time. This provision is continued in section 253, c. 580, p. 1562, Laws 1902 (Municipal Court Act). As the Laws of 1894,

which were in force when this judgment was obtained, provided that a motion to open a default could only be made within 20 days after the entry of the judgment, no subsequent legislation could give the defendant the right, nor the court the power, to vacate the judgment eight years after its entry. "A law is never to have a retroactive effect, unless its express letter or clearly manifest intention requires that it should have such effect." R. R. Co. v. Van Horn, 12 N. Y. 473, and cases cited.

The argument of the respondent that chapter 750, p. 1871, of the Laws of 1894, does not apply, as the judgment in this case is void for want of personal service of the summons upon the defendant, is not based upon the facts. It appears from the return filed upon this appeal that on the adjourned day "the parties appeared in person and by their respective counsel." The defendant, by appearing in person without objection, waived any defect of the service of the process upon him. If we are to believe the statement in the moving affidavit that "it appears from the judgment roll * * * that the defendant was never personally served with the summons in this action, nor appeared herein, except that M. L. Goldman, who was said Babcock's real estate agent, did appear, * * * and that there was no other appearance in this action whatsoever," in preference to the record, nevertheless it is conceded that Goldman did appear for the defendant Babcock, and, "unless the contrary is shown by proof, the appellate court will assume that a person appearing for a defendant was duly authorized to do so as his attorney or agent." Oakley v. Workingmen's Union Ben. Soc., 2 Hilt. 487; People ex rel. Allen v. Murray (Super. N. Y.) 21 N. Y. Supp. 797. In either event there was an appearance by the defendant. The order appealed from must be reversed.

Order reversed, with $10 costs and disbursements. All concur.