McArthur agt. Commercial Fire Insurance Company.

## CITY COURT OF NEW YORK

JOHN L. McARTHUR agt. THE COMMERCIAL FIRE INSURANCE COMPANY.

*Preference on calendar — Right to — Code Civil Procedure, sections 791–793.*

When an action is brought upon a judgment rendered in a chancery court in the state of Tennessee in an action on a policy of fire insurance on motion for a preference on the calendar:

*Held,* that the action being against a corporation, and founded upon a judgment, which is an evidence of debt for the absolute payment of money, the right to a preference appears upon the face of the pleadings, and is absolute without any qualification or condition of any kind. It is a right given by statute, which no court can by rules or otherwise limit or abridge.

*General Term, October,* 1884.

*Before* McADAMS, *C. J.,* NEHRBAS *and* BROWNE, *JJ.*

APPEAL from order made at special term denying an application for a preference on the trial calendar.

*C. W. Moulton* and *Miron Winslow,* for appellant.

*G. A. Clement,* for respondent.

McArthur agt. Commercial Fire Insurance Company.

BY THE COURT. — The action is brought upon a judgment rendered in favor of the plaintiff and against the defendant, on the 30th day of May, 1884, in the chancery court of Davidson county, in the state of Tennessee, for $628.77, in an action on a policy of fire insurance issued by the defendant to the plaintiff and one W. N. Allen, as copartners. Issue was joined in that action, and after a trial on the merits the aforesaid recovery was had. It is said by the defendants that the chancery court of Davidson county is possessed of equitable jurisdiction only, and that the judgment is therefore not enforceable. But the complaint alleges that said court was and is a court of original jurisdiction in said county of Davidson and said state of Tennessee, empowered by the laws of said state to exercise general jurisdiction in actions of the kind and character mentioned, and their allegations are sufficient to admit proof of the facts alleged.

The plaintiff moved for a preference on the calendar under section 791 of the Code, which, among other things, provides : " Civil actions are entitled to preference among themselves in the following order."

Subdivision 8 of said section reads as follows : An action against a corporation founded upon a note or any other evidence of debt for the absolute payment of money.

The present action is against a corporation, and is founded upon a judgment, which is an evidence of debt for the absolute payment of money (*See cases cited upon the appellant's brief*).

Section 793 provides that where a right to a preference depends upon facts which do not appear in the pleadings or other papers upon which a cause is to be tried or heard, the party desiring a preference must procure an order therefor from the court or the judge thereof upon notice to the adverse party.

But where, as in this case, the right to the preference appears upon the face of the pleadings, the right is absolute without qualification or condition of any kind. It is a right

given by statute which no court can by rules or otherwise limit or adjudge.

It follows that the order appealed from must be reversed, with costs, and the application for a preference must be granted.