*Samuel G. Adams,* for the appellant.

*Howe & Hummel,* for the respondent.

PER CURIAM:

By section 3251 of the Code, a trial fee is allowed for the trial of an issue, either of law or fact.   By section 964, an issue of law or fact can only arise where an answer, demurrer or reply has been served.

There being no answer, demurrer or reply, no issue of law or fact was joined in this case; the application to the court was a mere application for judgment, and the court simply took proof to determine whether the plaintiff was entitled to judgment.

The plaintiff is not entitled to tax a trial fee or costs after notice of trial, no such notice being necessary or proper in the progress of the action.

The order appealed from should be reversed and the clerk's taxation affirmed, without costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Order reversed and the clerk's taxation affirmed, without costs.

---

In the Matter of the Application of JESSIE C. McBRIDE, Appellant, for a Peremptory Writ of Mandamus against THOMAS E. MURRAY, Respondent.

*Mandamus to an inferior tribunal — after a decision that it has not jurisdiction to act.*

A mandamus will not lie to compel an inferior tribunal to decide an action or proceeding pending before it, where such tribunal has already decided that it has not jurisdiction to entertain the same.

APPEAL by the applicant, Jessie C. McBride, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 24th day of June, 1893, denying her motion for a peremptory writ of mandamus to compel Thomas E. Murray, justice of a District Court in the city of New York, to proceed forthwith with the summary proceedings instituted in said court by the applicant against Uriah W. Tompkins, tenant.

*Hoyt & Rubens*, for the appellant.

*C. J. G. Hall*, for the respondent.

PER CURIAM:

It is undoubtedly true that a mandamus will lie to compel an inferior tribunal to decide an action or proceeding pending before it; but where the court or judge or justice disposes of the proceeding by decision, even though such decision be manifestly erroneous, it cannot be reviewed upon mandamus. (Cases cited in Fiero on Spec. Proc. 56.)

In the case at bar, the justice determined that he had not jurisdiction, and that disposed of the action or proceeding pending before him. Whether he had jurisdiction or not must be reviewed in the ordinary way.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Order affirmed, with ten dollars costs and disbursements.

---

CHARLES A. CLEGG, Respondent, *v.* THE NEW YORK NEWSPAPER UNION and Others, Appellants.

*Action for damages for a breach of a contract providing for the publication of matter in certain newspapers — evidence sustaining a judgment for the plaintiff — evidence properly excluded — condition precedent and collateral covenant, distinguished — when a right of action accrues — an oral assignment of a claim accompanied by the payment of the purchase price is valid — when interest on the amount of the damage should be allowed.*

APPEAL by the defendants, the New York Newspaper Union and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 2d day of July, 1892, upon the verdict of a jury, rendered at the New York Circuit, and also from an order of the Supreme Court, entered in said clerk's office on the 4th day of November, 1892, denying defendants' motion to set aside the verdict and for a new trial.