MARGARET HAYES, as Administratrix, etc., Appellant, *v.* CONSOLIDATED GAS COMPANY OF NEW YORK, Respondent.

Where a plaintiff rightfully claims a preference on the trial calendar, and the defendant does not oppose the motion, but the same is denied by the courts, plaintiff's remedy is not by appeal but, *it seems*, by mandamus to compel the trial judge to do his duty.

(Argued June 18, 1894; decided June 22, 1894.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made

* Reported below, 77 Hun, 325.

May 9, 1894, which affirmed an order of Special Term deny-ing a motion for preference on calendar.

The following is the opinion in full:

"This action was brought in the New York Common Pleas by the plaintiff to recover damages against the defend-ant for negligently causing the death of the intestate, and she claimed a preference upon the trial calendar under sec-tion 791 of the Code, on the ground that she was administra-trix, and as such sole plaintiff. Her claim was undoubtedly well founded. But she is without relief in this court. She has no respondent upon this appeal. The defendant did not oppose her motion for a preference, and did not appear at the General Term, and has not appeared in this court. Her con-troversy is with the trial judge. He refused to give her the preference claimed; refused in substance to try her case, when she claims she was entitled to have it tried. For such illegal action by the judge her remedy is not by appeal, but by man-damus to compel him to do his duty. Suppose a trial judge refused to try a case, or puts it over the term upon his own motion, what is the remedy of the party desiring the case to be tried? Certainly not an appeal from the determination of the judge. He or his court cannot be made a respondent upon an appeal, and the complaining party has no controversy with his adversary. Suppose we should reverse this order, how could our decision be enforced? No precept of any kind based upon it could be issued for its enforcement. The only way the trial judge could then be moved, if he still persisted, would be by mandamus.

"The appeal should be dismissed, without costs."

*Edgar J. Levey* for appellant.

*Per Curiam* opinion for dismissal of appeal.
All concur.
Appeal dismissed.