Order affirmed, with $10 costs and disbursements. All concur.

---

(88 Hun, 443.)

### In re CROUSE'S ESTATE.

### In re NOTTINGHAM et al.

(Supreme Court, General Term, Fourth Department. July 5, 1895.)

1. APPEAL—ORDER AFFECTING SUBSTANTIAL RIGHT.

The order of the surrogate's court in a proceeding for an accounting by executors refusing to strike from the record the name of a legatee whom the supreme court had adjudged to have died without issue before the testator, does not affect a substantial right, as the other legatees will receive their shares as effectually as if the name had been stricken out.

2. MANDAMUS—TO COMPEL COURT TO PROCEED.

Where the surrogate, of his own motion, improperly refuses to make a decree of distribution, the remedy is not by appeal, but by mandamus.

3. JUDGMENT—RES JUDICATA.

A judgment of the supreme court determining that a legatee died without issue, before the testator, is conclusive as to that question in a proceeding in the surrogate's court between the same parties for an accounting, though the proceeding in the surrogate's court was commenced first, and therefore the surrogate's court has no authority to afterwards allow the expenditure of funds of the estate in further search of said legatee.

Appeal from surrogate's court, Onondaga county.

Judicial settlement of the accounts of Jacob A. Nottingham and another, as executors of the will of Daniel Edgar Crouse, deceased. From an order of the surrogate made therein, George N. Crouse and others appeal. Reversed in part.

The order appealed from contained the following provisions:

(1) Denying the appellants' motion to amend the proceedings for an accounting pending in that court by striking out the name of Ansel White, Jr., and his heirs, wherever the same occurred, as parties to that proceeding, upon the ground that the supreme court, in an action where all the parties to that proceeding were parties to the action, had judicially determined that Ansel White, Jr., died prior to the death of the testator, and left no lawful issue. (2) Denying the appellants' motion to forthwith make and enter a decree for the distribution of the residuary personal estate to and among the several persons named in said judgment as being entitled thereto. (3) Ordering the executors to take further steps to ascertain whether or not Ansel White, Jr., was actually dead, and, if dead, the time of his death, and what children, if any, he left surviving him; and directing them to pay the expenses of such search out of

the estate, to an amount not exceeding $5,000, unless otherwise ordered; and adjourning the proceeding from time to time to enable the executors to comply with the terms of such order.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

William G. Tracy and Steele, De Friese & Dickson, for appellants. William Nottingham, for respondents.

MARTIN, J.   The first question presented is whether the surrogate's court erred in refusing to strike out the name of Ansel White, Jr., and his heirs, wherever the same appeared, as parties to the proceeding for an accounting before that court.   If we assume that the judgment entered in the supreme court was binding upon the parties to this proceeding, and conclusive as to the death of Ansel White, Jr., without lawful issue, still it is not quite apparent how that fact required the surrogate's court to eliminate from the proceedings before him the name of Ansel White, Jr., and his heirs. While the judgment of the supreme court was conclusive evidence of the death of Ansel White, Jr., without lawful issue, still the existence of that fact did not, we think, require the court to eliminate his name from the record in the proceedings before it.   If, by reason of the introduction of such judgment in evidence, the surrogate's court is bound to find that Ansel White, Jr., died without issue, the other parties to the proceeding are entitled to the estate in the proportions stated in the judgment in the supreme court, and each of the appellants will receive his proper share as effectually as though the name of Ansel White, Jr., and his heirs had been stricken from the record.   Hence we think it follows that the denial of the appellants' motion to strike his name and the name of his heirs from the record in the proceeding did not affect any substantial right of the appellants, and consequently was not appealable.   Redf. Prac. 902;  Code Civ. Proc. § 2570;  In re Burnett, 15 N. Y. St. Rep. 116.

We are also of the opinion that that portion of the order which denied the appellants' motion to forthwith proceed with the distribution of the personal estate is not appealable.   None of the parties opposed the appellants' motion.   The court refused at that time to make the decree asked for.   The controversy was between the court and the parties.   If the court improperly refused to proceed in the matter, and make the proper decree, the appellants' remedy was not by appeal, but by mandamus, to compel him to discharge his duty. If this portion of the order was reversed, it would not compel the court to proceed in the matter of the accounting, and this court should not, on this appeal, attempt to make an order in the nature of a mandamus.   Hayes v. Gas Co., 143 N. Y. 641, 37 N. E. 648.

This leaves for consideration the question whether that portion of the surrogate's order which directed the executors to make further effort to ascertain whether Ansel White, Jr., was living, or, if dead, whether he left issue him surviving, and authorizing them to expend $5,000 in making such investigation, was authorized, and can be upheld.   We are of the opinion that the supreme court had jurisdiction of the parties and the subject-matter of the action brought therein, and that, as the questions whether Ansel White, Jr., was

living, or had died leaving issue, were made issues in that case, and tried and determined therein, the judgment was conclusive upon all the parties to the proceeding in the surrogate's court, and it was bound thereby. The rule that a judgment of a court of competent jurisdiction upon a point litigated between the parties is conclusive in all subsequent controversies where the same matter comes directly in question is elementary, and so well established in this state that no authorities need be cited to sustain it. Where two or more actions or proceedings are pending at the same time for the same cause, the judgment first entered becomes conclusive upon the parties, and is not controlled by priority in the commencement of the action or proceeding. Herm. Estop. § 120. Therefore the fact that the proceeding before the surrogate's court was first commenced does not impair the effectiveness of the judgment of the supreme court. As evidence it was conclusive as an adjudication of the same fact in an action between the same parties. Krekeler v. Ritter, 62 N. Y. 372. The supreme court having found that Ansel White, Jr., died without issue before the testator's death, and the judgment adjudging that fact being conclusive evidence thereof, the surrogate was bound by the judgment, and there was, therefore, no necessity for that portion of the order which directed the expenditure of $5,000 of the estate in investigating a question which had already been conclusively settled by a court of competent jurisdiction. It follows, therefore, that the order appealed from, so far as it authorized the expenditure by the executors of $5,000 belonging to the estate, was unnecessary, unauthorized, and should be reversed.

Order, so far as it authorized the expenditure of $5,000 to ascertain whether Ansel White, Jr., died before the testator, without issue, reversed, with $10 costs and disbursements, to be paid out of the estate.

HARDIN, P. J., concurred.

MERWIN, J. I think that the appeal should not in any respect prevail. Assuming that the supreme court judgment was an adjudication binding on the parties, the surrogate's court, under the circumstances shown, had the right, under its power to control the conduct of the executors, to require them to make further investigation to a reasonable extent, to the end that, if information was obtained that White, or any descendants of his, were alive, proper steps could be taken to obtain a modification of the judgment.