In the Matter of the Judicial Settlement of the Accounts of JACOB
    A. NOTTINGHAM and MAURICE A. GRAVES, as Executors, etc., of
    DANIEL EDGAR CROUSE, Deceased.*

GEORGE N. CROUSE and Others, Appellants; JACOB A. NOTTINGHAM
            and Another, Executors, Respondents.

*Res adjudicata — what orders are not appealable — executors may not expend money
    to investigate whether a person judicially declared to be dead is alive.*

A judgment of a court of competent jurisdiction, upon an issue litigated therein
    between the same parties, is conclusive in all subsequent controversies where
    the matter comes directly in question.
Where the Supreme Court has decided in an action that a certain person has
    died without issue, and subsequently, upon an accounting by certain executors,
    the same persons who were parties to such prior action are parties to the
    accounting, the Surrogate's Court need not strike from the citation the name
    of the deceased person. Its presence in the citation does not affect the rights
    of any one, and an order refusing to strike out such name is not appealable.
An order denying a motion made by one of the parties to an accounting (and not
    opposed by any other party thereto), that the court proceed forthwith to dis-
    tribute the personal estate, is not appealable.
The controversy in such a case is between the court and the parties, and the rem-
    edy, if any, is by mandamus to compel the court to perform its duty.
Where the fact of the death of a person has been established by the Supreme
    Court and the same persons who were parties to the action in which such decis-
    ion was made subsequently become parties to an accounting, the fact of death
    is, by the prior adjudication, established in the latter proceeding, and any
    expenditure of money by the executors to conduct further investigations to
    determine whether the person is dead are unnecessary and improper and will
    not be authorized or directed by the Surrogate's Court.
MERWIN, J., dissenting.


APPEAL by George N. Crouse and others from a decree of the
Surrogate's Court of the county of Onondaga, entered in said court
on the 12th day of March, 1895 : (1) Denying the appellants' motion
to amend the proceedings for an accounting pending in that court
by striking out the name of Ansel White, Jr., and his heirs wherever
the same occurred as parties to that proceeding, upon the ground that
the Supreme Court, in an action where all the parties to that proceed-
ing were parties to the action, had judicially determined that Ansel

_____
* Decided May 31, 1895.

FOURTH DEPARTMENT, JULY TERM, 1895.        [Vol. 88.

White, Jr., died prior to the death of the testator and left no lawful issue. (2) Denying the appellants' motion to forthwith make and enter a decree for the distribution of the residuary personal estate to and among the several persons named in said judgment as being entitled thereto. (3) Ordering the executors to take further steps to ascertain whether or not Ansel White, Jr., was actually dead, and, if dead, the time of his death and what children, if any, he left surviving him, and directing them to pay the expenses of such search out of the estate, to an amount not exceeding $5,000, unless otherwise ordered, and adjourning the proceeding from time to time to enable the executors to comply with the terms of such order.

In an action in the Supreme Court between the same parties, relative to the will of the testator and its construction, the court found as follows:

"*Sixth.* That Catherine Crouse, the mother of said deceased, had a brother by the name of Ansel White, Jr.; that said Ansel White, Jr., died more than twenty-five years prior to the death of the said Daniel Edgar Crouse; that said Ansel White, Jr., left no widow, child, children or lawful issue him surviving."

The judgment adjudged, among other things, as follows: "That the various legacies contained in the third, fourth, fifth, sixth, seventh, eighth, ninth and tenth clauses of the will of Daniel Edgar Crouse are, and each of them is, valid; that Ansel White, Jr., the maternal uncle of the said Daniel E. Crouse, deceased, died prior to the death of the said Daniel Edgar Crouse, leaving him surviving no widow, child, children, descendants or lawful issue; * * *" that certain persons therein named "are the only persons entitled to any interest under the will of Daniel Edgar Crouse, deceased, in the residue of the personal property of the said deceasd, after the payment of debts, liabilities, expenses of administration, costs, allowances, commissions, annuity to Kate C. Ledlie under the will of John Crouse, deceased, succession tax, and such legacies as are held to be valid."

*William G. Tracy* and *Steele, De Friese & Dickson,* for the appellants.

*William Nottingham,* for the respondents.

MARTIN, J.:

The first question presented is whether the Surrogate's Court erred in refusing to strike out the name of Ansel White, Jr., and his heirs, wherever the same appeared as parties to the proceeding for an accounting before that court. If we assume that the judgment entered in the Supreme Court was binding upon the parties to this proceeding, and conclusive as to the death of Ansel White. Jr., without lawful issue, still it is not quite apparent how that fact required the Surrogate's Court to eliminate from the proceedings before him the name of Ansel White, Jr., and his heirs. While the judgment of the Supreme Court was conclusive evidence of the death of Ansel White, Jr., without lawful issue, still the existence of that fact did not, we think, require the court to eliminate his name from the record in the proceedings before it. If, by reason of the introduction of such judgment in evidence, the Surrogate's Court is bound to find that Ansel White, Jr., died without issue, the other parties to the proceeding are entitled to the estate in the proportions stated in the judgment in the Supreme Court, and each of the appellants will receive his proper share as effectually as though the name of Ansel White, Jr., and his heirs had been stricken from the record. Hence, we think it follows that the denial of the appellants' motion to strike his name and the names of his heirs from the record in the proceeding did not affect any substantial right of the appellants, and consequently the order denying such motion was not appealable. (Redf. Law & Prac. of Surr. Courts, [5th ed.] 902; Code Civ. Proc. § 2570; *Accounting of Burnett*, 15 N. Y. St. Repr. 116.)

We are also of the opinion that that portion of the order which denied the appellants' motion to forthwith proceed with the distribution of the personal estate is not appealable. None of the parties opposed the appellants' motion. The court refused at that time to make the decree asked for. The controversy was between the court and the parties. If the court improperly refused to proceed in the matter and make the proper decree, the appellants' remedy was not by appeal but by mandamus to compel the court to discharge its duty. If this portion of the order was reversed it would not compel the court to proceed in the matter of the accounting, and this court should not on this appeal attempt to make an order in the

nature of a mandamus. (*Hayes* v. *Consolidated Gas Company of New York*, 143 N. Y. 641.)

This leaves for consideration the question whether that portion of the surrogate's order which directed the executors to make further effort to ascertain whether Ansel White, Jr., was living, or if dead whether he left issue him surviving, and authorizing them to expend $5,000 in making such investigation, was authorized, and can be upheld. We are of the opinion that the Supreme Court had jurisdiction of the parties and the subject-matter of the action brought therein, and that as the questions whether Ansel White, Jr., was living or had died leaving issue, were made issues in that case and tried and determined therein, the judgment was conclusive upon all the parties to the proceeding in the Surrogate's Court, and it was bound thereby. The rule that a judgment of a court of competent jurisdiction upon a point litigated between the parties is conclusive in all subsequent controversies where the same matter comes directly in question, is elementary, and so well established in this State that no authorities need be cited to sustain it. Where two or more actions or proceedings are pending at the same time for the same cause, the judgment first entered becomes conclusive upon the parties, and is not controlled by priority in the commencement of the action or proceeding. (Herman on Estoppel, § 120.) Therefore, the fact that the proceeding before the Surrogate's Court was first commenced, does not impair the effectiveness of the judgment of the Supreme Court. As evidence it was conclusive as an adjudication of the same fact in an action between the same parties. (*Krekeler* v. *Ritter*, 62 N. Y. 372.)

The Supreme Court having found that Ansel White, Jr., died without issue before the testator's death, and the judgment adjudging that fact being conclusive evidence thereof, the surrogate was bound by the judgment, and there was, therefore, no necessity for that portion of the order which directed the expenditure of $5,000 of the estate in investigating a question which had already been conclusively settled by a court of competent jurisdiction. It follows, therefore, that the order appealed from, so far as it authorized the expenditure by the executors of $5,000 belonging to the estate, was unnecessary, unauthorized, and should be reversed.

HARDIN, P. J., concurred.

Merwin, J. (dissenting):

I think that the appeal should not in any respect prevail. Assuming that the Supreme Court judgment was an adjudication binding on the parties, the Surrogate's Court, under the circumstances shown, had the right, under its power to control the conduct of the executors, to require them to make further investigation to a reasonable extent, to the end that if information was obtained that White or any descendants of his were alive, proper steps could be taken to obtain a modification of the judgment.

Order, so far as it authorized the expenditure of $5,000 to ascertain whether Ansel White, Jr., died before the testator, without issue, reversed, with ten dollars costs and disbursements to be paid out of the estate.