## BUELL v. HOLLINS.

(Supreme Court, Appellate Term, First Department. April 27, 1896.)

1. APPEAL—FROM WHAT ORDER IT LIES—CONTROVERTED QUESTION.

A party is not deprived of the right of appeal from an order overruling a motion to vacate a former order because such former order was entered by the court on its own motion, where the motion to vacate is contested by the adverse party.

2. SAME—ORDER AFFECTING SUBSTANTIAL RIGHT.

An order placing a cause upon the special trial calendar for short causes gives it a right of preference which is a substantial right, and an appeal lies from a subsequent order affecting such right.

3. SAME—MOTION TO VACATE ORDER—QUESTIONS OF FACT.

Where, during the trial of an action on the short-cause calendar, an order is made by the trial judge sending it back to the general calendar, and reciting that the trial has occupied more than an hour, a motion to vacate such order, supported by a showing controverting such recital, is proper, as in no other way could the question of fact be raised; and an appeal may be taken from an adverse ruling thereon, rather than from the original order, though on such appeal the determination of the question of fact by the trial court in favor of the recital in the record cannot be reviewed.

Appeal from city court of New York, general term.

Action by Henry T. Buell against Frank C. Hollins. Plaintiff appeals from an order of the general term (37 N. Y. Supp. 1144) affirming an order of the trial justice. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Edward C. Perkins, for appellant.

Henry B. Johnson, for respondent.

BISCHOFF, J. This cause was placed upon the calendar of short causes for trial in the court below, and before the completion of the trial it was of the court's own motion sent back, to be placed at the foot of the general calendar, with $30 costs to defendant to abide the event, by an order which recited the fact that the trial had occupied more than one hour. City Ct. Rule 14. Thereafter, at the same term, a motion was made before the trial justice to vacate this order, the motion being based upon affidavits, verified, respectively, by the plaintiff's attorneys and their clerk, alleging that the trial had proceeded for a period of less than one hour when terminated by the court, and tending to show that it would not have been protracted beyond the limited time. This motion was denied, and from an affirmance by the general term of the order thereupon entered the appeal is taken. No counter affidavits were submitted on behalf of the defendant, who, however, opposed the motion, and has responded to the appeal below and to that before us.

This plaintiff, if prejudiced, is not to be denied a hearing in this court upon the authority of Hayes v. Gas Co., 143 N. Y. 641, 37 N. E. 648, relied upon by the defendant, since in that case the controversy was between the plaintiff and the trial judge as to the right to a preference, the adverse litigant assuming no position with regard to the matter whatsoever, whereas here there is a respondent

in active and continued opposition. We may grant that the imposition of costs by the court below did not render this order appealable as affecting a substantial right, since they were imposed conditionally (Bergen v. Carman, 79 N. Y. 146), the event of the action was undetermined (De Barante v. Deyermand, 41 N. Y. 355), and the notice of appeal did not specify this ground (Crosby v. Stephan, 97 N. Y. 606; Code Civ. Proc. §§ 1300, 3192); but it appears that a substantial right was affected by the order, since the right to a preference of the cause in the court below, as a short cause, after an order had been made placing it upon the special calendar, was as complete as though the action fell within section 791 of the Code (City Ct. Rule 14; Code, § 323), and the right to a preference under that section is a substantial legal right, enforceable by mandamus in a case where a remedy by appeal may, through circumstances, be unavailing (Hayes v. Gas Co., supra). So, too, if the fact be, as contended for, that the trial did not occupy one hour's time, then the justice's action was based upon no grounds calling for the exercise of discretion (City Ct. Rule 14), and the appeal was properly taken from this order, rather than from the order first made, since in no other manner could the facts have been presented in behalf of the plaintiff, assuming his allegations to have been admittedly true. But while we entertain the appeal, we may only affirm the order, since, taking the view most favorable to the appellant, the record presents merely a question of fact, without the slightest basis for a determination of the matter as one of law. There is no admission by the respondent of the plaintiff's averments that the trial was discontinued by the justice before one hour had elapsed, and the record of the court shows that the fact was directly to the contrary. Certainly the respondent was not called upon to make oath in support of this recital in the order signed by the trial judge, when the particular matter was peculiarly within the knowledge of that officer. Doyle v. Railroad Co., 1 Misc. Rep. 376, 20 N. Y. Supp. 865. Whether or not the original order truthfully recited the facts was a question to be determined by the court below; and it assumed, as it might, that the statement made of record by the justice, in the exercise of his official functions, was correct. This presents no error for us to review. Thus it must be held that the first order was properly within the power of the court to make, and that the order before us did not proceed upon an unauthorized disregard of the affidavits presented upon the motion.

Order affirmed, with costs and disbursements. All concur.