SCHUCHMAN and OLCOTT, JJ., concur.

---

(24 Misc. Rep. 406.)

### SEIFERMANN v. WOLFRATH.

### SCHWARTZ v. SAME.

(City Court of New York, General Term. August 4, 1898.)

1. TRIAL—PREFERENCE—ACTION BY EXECUTOR.
　　The privilege of a preference given by Code Civ. Proc. § 791, subd. 5, in the case of an action or special proceeding in which an executor or administrator is the sole plaintiff or sole defendant, may be availed of by either party to the action or proceeding.

2. APPEALABLE ORDER.
　　The privilege of a preference of a case upon the calendar is a substantial right, and from the denial thereof an appeal lies.

Appeal from special term.

Actions by Andrew Seifermann against Emma Wolfrath, administratrix, and by Gustav Schwartz against the same defendant. From orders denying motions of plaintiffs for preference of trial of the causes, they appeal. Reversed.

Argued before CONLAN, SCHUCHMAN, and OLCOTT, JJ.

John F. Frees, for appellants.
Joseph I. Green, for respondent.

OLCOTT, J. These are appeals from orders denying plaintiffs' motions for a preference of the trial of the causes, which motions were based upon the fact that in each of the cases an administratrix is the sole defendant. The court below denied the motions, upon the ground that the preference provided by subdivision 5 of section 791 of the Code is personal to the administratrix, and is not to be properly accorded in the face of her opposition. An examination of the entire section convinces us to the contrary. Its first subdivision provides for a preference of an action brought by or against the people of the state, where the attorney general gives notice at the proper time of his desire for a preference. Subdivision 2 makes an exactly analogous provision with regard to actions by or against the mayor, alder-

men, and commonalty of the city of New York; and the second subdivision has been construed to mean, exactly what would seem to clearly appear from its language, that the corporation counsel alone can elect to have the preference accorded. Simpson v. Mayor, etc., — N. Y. Supp. ——; Mooney v. Mayor, etc. (Daly, C. J., Sp. Term, Common Pleas) N. Y. Law J., Feb. 8, 1883. Subdivision 5 provides, among other things, for a preference in an action where an administratrix is the sole plaintiff or the sole defendant, and there are no restrictive provisions, such as are contained in subdivisions 1 and 2 above mentioned, as to who may move for the preference; nor are there any such restrictions contained in subdivision 9, which provides for the preference of an action by or against a sheriff, and to which we now refer, with relation to the decisions of this court in the case of Walker v. Tamsen, 43 N. Y. Supp. 507. In that case a special-term decision of this court denied the plaintiff's motion for a preference on the ground that, in the learned justice's opinion, the preference is personal to the sheriff defendant who opposed the motion; so that such decision is a precedent for the motion now under consideration. But, in affirming it, the general term of this court did so not only upon the ground stated in the special-term decision, but also, and perhaps mainly, because the motion was defectively and irregularly made in another respect, which was referred to in the general-term opinion (18 Misc. Rep. 734, 43 N. Y. Supp. 507); and that opinion is therefore not a controlling guide upon the pending question. Other than the decisions above referred to, we can find none reported which bear upon the question; and it will be observed that Simpson v. Mayor, etc., and Mooney v. Mayor, etc., supra, are clearly distinguishable from the case at bar because they interpret a different subdivision of section 791, and one containing the restrictive provision which is omitted from subdivision 5.

The preference seems to be given by subdivision 5 to the action, and not to any party thereto. There is no language of the subdivision, nor of any rule of the supreme court or of this court framed thereunder, which restricts these plaintiffs from moving for a preference; nor do we think that there is any equitable reason which calls upon us to read in such language, because, though the relief may primarily have been suggested by the necessity an executor or administrator is under to progress his litigations so as to promptly wind up the affairs of his estate, it is oftentimes necessary, for the protection of persons having claims against such representatives, to secure speedy adjudications thereupon, and this consideration may also have moved the framers of this section of the Code. And rights of preference given to causes by statute may not be limited or abridged by the court by rule or decision. McArthur v. Insurance Co., 67 How. Prac. 510. The privilege of a preference of a cause upon the calendar is a substantial right, and an appeal to the general term lies from a denial thereof. Buell v. Hollins, 16 Misc. Rep. 551, 38 N. Y. Supp. 879.

The orders appealed from should be reversed, with $10 costs and disbursements in each case. All concur.