erty subject to taxation. We think, therefore, that the commissioners proceeded upon a false basis when they, disregarding the uncontradicted testimony as to the property of this corporation, assumed that its capital was unimpaired, and proceeded to impose an assessment based upon that presumption.

It follows that the order appealed from must be reversed, and the assessment reduced to $52,334.11. All concur.

---

### In re O'DONOHUE et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

SURROGATE—APPOINTING APPRAISER—TRANSFER TAX.

A surrogate authorized by Laws 1896, c. 908, § 230, as amended by Laws 1897, c. 284, on application or on his own motion, to appoint a person, whenever occasion requires, as appraiser, to fix the value of property of persons whose estates are subject to payment of transfer tax, may, on a will being admitted to probate, by the terms of which property is disposed of, make an appointment on application on information and belief, supplementing it with his official knowledge, or action independently of it, though he has no knowledge of what the assets are, or the condition of the estate.

Appeal from surrogate's court, New York county.

In the matter of the appraisal of the property of Joseph J. O'Donohue, deceased. From an order of the surrogate (59 N. Y. Supp. 1087) denying motion to vacate an order appointing an appraiser, Teresa M. J. O'Donohue and others appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. P. Prentice, for appellants.
G. W. Elkins, for respondent.

PATTERSON, J. The order appealed from in this matter must be affirmed. It denies a motion made to vacate an order appointing an appraiser of the property of the estate of Joseph J. O'Donohue, deceased, under the provisions of chapter 908 of the Laws of 1896, as amended by chapter 284 of the Laws of 1897. But little need be added to the views expressed in the opinion of Mr. Surrogate Varnum, written upon the denial of the motion.

The position of the appellant seems to be that the surrogate was without jurisdiction to appoint an appraiser, because there was nothing in the way of proof before him to show what, if any, specific property of the decedent was, under the law, subject to a transfer tax. The order of appointment was made upon the petition of the comptroller of the state of New York, in which he states, upon information and belief, that the will of Joseph J. O'Donohue was duly admitted to probate, and that the property of the decedent passing by the will, or some portion of such property or some interest therein, is subject to the payment of the tax imposed by law in relation to taxable transfers of property. It is claimed by the appellants that this statement in the petition concerning the decedent's property was insuf-

ficient. The power of the surrogate to appoint an appraiser does not depend upon proof being furnished to him of the condition and situation of a decedent's property at the time of his death, and which is transferred by will or by operation of law. It is true that by the terms of section 230 of the statute the surrogate is authorized to appoint an appraiser to fix the fair market value of property of persons whose estates shall be subject to the payment of any tax imposed by the law. He is given the authority to appoint some one to fix the fair market value of the property of those persons whose property is transferred under the provisions of section 220 of the law. The appointment may be made upon the application of any interested party, including the state comptroller, county treasurers, or the comptroller of the city of New York; or the surrogate may upon his own motion, whenever occasion requires, appoint a competent person to fix the fair market value of the property. Where, as in this case, there is a will, duly admitted to probate, by the terms of which property is disposed of, and that is brought to the attention of the surrogate by petition, or is known to him officially, his power to appoint an appraiser exists. In Re Westurn's Estate, 152 N. Y. 100, 46 N. E. 315, it was insisted that an appointment of an appraiser and the fixing of a tax were premature, because no appraisement could be made and no tax assessed until an opportunity had been given to the executors to ascertain what claims, if any, existed against the estate which might be deducted from the value of the estate of the decedent in order to show what amount was taxable. That contention was rejected by the court, and it would follow that the power to appoint the appraiser does not depend upon a precedent ascertainment or proof of what the assets or the condition of the estate is. We think the jurisdiction of the surrogate to appoint an appraiser is one that may be exercised with or without a petition, and of his own motion, whenever, in the sound exercise of his discretion, he deems it proper to do so, in a case in which he is officially cognizant of the fact that property has been transferred in the manner mentioned in section 220 of the act. The amount and the value of the estate are to be ascertained through the appraisement. A tax is not imposed by the appointment of an appraiser, nor by the surrogate, who is only an assessor, and fixes the amount. By such appointment a tribunal is constituted to determine what, if any, property is liable to tax. The tax is imposed by the statute, and made a lien upon the property, and the proceedings of the appraiser and of the surrogate are subject to review. If the surrogate may, of his own motion, appoint an appraiser upon knowledge he possesses, and without petition, his authority is not limited or circumscribed because a petition is presented by a competent person, with allegations made, upon information and belief. He may supplement the petition by his own official knowledge, or act independently of it.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.