---

(117 App. Div. 807)

### In re COSTELLO'S ESTATE (two cases).

(Supreme Court, Appellate Division, Second Department. March 8, 1907.) ·

TAXATION—INHERITANCE TAXES—EXEMPTIONS—PROCEEDINGS—APPEAL.

 Where the surrogate entered an order of exemption of an estate from transfer tax, the Comptroller's method of reviewing the order is by appeal to the surrogate and from his order of affirmance, to the Appellate Division, and not directly from the order of exemption to the Appellate Division.

Appeal from Surrogate's Court, Kings County.

In the matter of the estate of Mary Costello, deceased. Two appeals of Comptroller from an order of exemption. The first, dismissed. That from the surrogate, affirming the order of exemption, reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Jabish Holmes, Jr. (Leonard Bacon Smith, on the brief), for appellant.

R. M. Cahoone, for respondent.

HOOKER, J. The first of these appeals is from an order of the Surrogate's Court declaring the estate of the deceased to be exempt from payment of a transfer tax. The second appeal is from an order of the Surrogate's Court affirming the order from which the first appeal is directly taken. The merits of this controversy·are with the Comptroller, the appellant. The same question was argued and decided in Matter of Mock, 113 App. Div. 913, 99 N. Y. Supp. 236, and our decision in that case must control here. The order of exemption should therefore be reversed on the authority of that case. The principal question presented by these appeals, however, is one of practice.

On the 19th day of March, 1906, there was entered in the office of the surrogate of Kings county an order adjudging that the transfer of the property of the deceased passing to her next of kin be exempt from taxation under the acts in relation to the transfer of property. The order was signed by the surrogate, and seems to have been made without an appointment of an appraiser by the surrogate. On the 2d day of April, 1906, the Comptroller of the state, deeming himself aggrieved by reason of the order of exemption, appealed from the said order of March 19th to the surrogate of the county of Kings, and in his notice of appeal stated the grounds upon which the appeal was taken. The surrogate considered the questions raised by the appeal, and on April 18, 1906, an order was entered in his office whereby the order of March 19, 1906, was affirmed. On April 19, 1906, the Comptroller appealed to this court directly from the order of March 19, 1906. That appeal is the first above entitled. On the same day, to wit, April 19, 1906, the Comptroller also appealed to this court

from the order of affirmance entered April 18, 1906. This is the appeal second above entitled. The question, then, presented by these appeals is which is the proper manner in which to review the surrogate's order of exemption, whether by direct appeal to the Appellate Division, or, an appeal first having been taken to the surrogate, by appeal to the Appellate Division from the affirmance or reversal by the surrogate of the order of exemption; or either. In the view I take of the statute, the latter is the only method permitted. No direct appeal to this court lies from the order of March 19th. The statute (post) provides that the order must be entered by the surrogate, as of course from the report of the appraisers. The order is therefore in the nature of an ex parte order, and an appeal does not lie therefrom. Hayes v. Consolidated Gas Co., 143 N. Y. 641, 37 N. E. 648; Matter of Johnson, 27 Hun, 538; People ex rel. Schlehr v. Common Council, 30 Hun, 636; Matter of Nottingham, 88 Hun, 443, 34 N. Y. Supp. 404; Kelsey v. Church, 112 App. Div. 408, 98 N. Y. Supp. 535.

The appeal should be taken from the order to the surrogate and thence the case brought to the Appellate Division. Section 232 of the tax law (Laws 1896, p. 875, c. 908, as amended; Laws 1897, p. 155, c. 284, § 232; Laws 1899, p. 1481, c. 672; and Laws 1901, p. 390, c. 173) provides how the report of the appraisers shall be enforced. From such report it is provided that the surrogate shall forthwith, as of course, determine the amount of tax to which the estate is liable, or may determine the amount of tax without appointing an appraiser. In this case, evidently without the appointment of an appraiser, the surrogate determined that the amount of the tax was nothing, and entered the order of March 19th; and from this order an appeal lies to the surrogate, for the section goes on to provide:

"The Comptroller of the state of New York or any person dissatisfied with the appraisement or assessment and determination of tax may appeal therefrom to the surrogate, within sixty days from the fixing, assessing and determination of tax by the surrogate as herein provided, upon filing in the office of the surrogate a written notice of appeal, which shall state the grounds upon which the appeal is taken."

This language is so clear that it needs no construing. It gives the Comptroller the right to appeal from the order of March 19th to the surrogate himself. This he has done, and, by stating the grounds upon which the appeal is taken, he complied with the statute. After argument his appeal resulted in an order or decree of the Surrogate's Court; and therefrom an appeal lay to this court. Section 2570, Code Civ. Proc.

The appeal from the order of March 19, 1906, should be dismissed, without costs, and the order of April 18, 1906, should be reversed, without costs. All concur.