SPECHT v. HELFER et al.

(Supreme Court, Trial Term, Niagara County. September, 1908.)

1. TRIAL—CALENDARS—PREFERRED CAUSES.

An action to determine the validity of the probate of a will, in which the executor individually and in a representative capacity is a party defendant, is entitled to a preference on the calendar, under express terms of Code Civ. Proc. § 791, subd. 5.

2. SAME.

The preference given by Code Civ. Proc. § 791, subd. 5, in an action to determine the validity of the probate of a will, in which the executor individually and in a representative capacity is a party defendant, may be claimed by either party.

Action by Maude R. Specht against Margaret M. Helfer and others. On motion to correct calendar. Granted.

D. E. Brong, for the motion.

E. M. Ashley, opposed.

POUND, J. This is a motion to correct the calendar by placing the cause on the preferred calendar. The action is one to determine the validity of the probate of a will. The executor is a party defendant, both individually and in his representative capacity. The preference is claimed under section 791, subd. 5, of the Code of Civil Procedure, and opposed on the ground that such right to a preference is defeated by the fact that the executor is a party defendant individually.

In Haux v. Dry Dock Savings Institution, 150 N. Y. 581, 44 N. E. 1099, the memorandum of the court says:

"A party is only entitled to a preference upon the calendar, under subdivision 5 of section 791 of the Code of Civil Procedure, where, in one of the capacities mentioned therein, he is the sole plaintiff or the sole defendant. Here other persons are joined as plaintiffs with the executor and executrix, and while these persons may be the executor and executrix, suing in their individual capacities, that fact will not serve to bring the case within the preference as accorded by the Code."

So it is claimed that the preference does not exist here. But it seems obvious that the court had in mind only so much of the subdivision as was material to the question under consideration in the case before it. That was not an action to determine the validity of the probate of a will. The only question involved was whether a person, suing individually and as executor, was the sole plaintiff within the meaning of that portion of the subdivision which gives a preference to "an action in which an executor * * * is the sole plaintiff." The decision has no bearing here. The subdivision further provides for a preference in "an action to determine the validity of the probate of a will in which the * * * executor of the will is joined as plaintiff or defendant with other parties." Either party is entitled to claim said preference. Schwartz v. Wolfrath, 24 Misc. Rep. 406, 53 N. Y. Supp. 263.

The cause is entitled to its place on the preferred calendar and the day calendar in its proper order.