SARAH GREENER, Respondent, v. GREAT ATLANTIC AND PACIFIC TEA COMPANY et al., Appellants.— In an action to recover damages for personal injuries as a consequence of alleged breach of warranty and negligence, the appeal is from an order denying defendants' motion to dismiss the action for lack of prosecution on condition that plaintiff forthwith place the case on the calendar and move it for trial at each trial term until it is tried or otherwise disposed of by the court, and further providing that if plaintiff does not comply with said conditions, the action shall be dismissed on application of defendants. Order reversed, without costs, and motion granted, without costs. Plaintiff failed to offer a reasonable excuse for the delay of over seventeen years in bringing the case on for trial. In the circumstances, defendants are entitled to a dismissal of the action without condition, and it was an improvident exercise of discretion to deny them such relief. (*Messing* v. *City of New York*, 285 App. Div. 977.) Nolan, P. J., MacCrate, Schmidt, Murphy and Ughetta, JJ., concur.

■

In the Matter of CLIFFORD BARNES, Respondent, against GEORGE P. MONAGHAN, as Police Commissioner of the City of New York, Appellant.— Appeal from an order annulling appellant's determination, which revoked the taxicab owner's license of respondent, and directing that the license be reinstated and that a new license be issued. The license was revoked on the ground that respondent, the record owner, is not the true owner, and on the further ground that he had failed to comply with provisions of law and departmental regulations relating to duties and responsibilities of taxicab owners. Order unanimously affirmed, with $10 costs and disbursements. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ.

■

In the Matter of BOBAL HOLDING CORPORATION, Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.— Appeal from an order dismissing a landlord's petition to review respondent's determination that the apartment in question is subject to rent control because it is located in one building with four housing accommodations, rather than that it is a component part of one of two buildings, each with two housing accommodations. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., MacCrate, Beldock, Murphy and Ughetta, JJ.

■

In the Matter of the Estate of HERMAN M. BRALOFF, Deceased. MORRIS BRALOFF, as Executor of HERMAN M. BRALOFF, Deceased, Appellant; JOHN D. BENNETT, as Surrogate of Nassau Co., Respondent.— Petitioner appeals from an ex parte order of the Surrogate's Court, Nassau County, denying his application for an order to institute a discovery proceeding pursuant to section 205 of the Surrogate's Court Act. Appeal dismissed, without costs. An appeal does not lie from an ex parte order. (*Matter of Costello,* 117 App. Div. 807; *Moore* v. *American Molasses Co.,* 179 App. Div. 505; *People ex rel. Ackerman* v. *Lumb,* 6 App. Div. 26.) In any event, we have examined the merits and find no abuse of discretion. Nolan, P. J., MacCrate, Schmidt, Murphy and Ughetta, JJ., concur.