Walter R. Hart, J.
This is a motion to review the determination of respondent denying an order of decontrol.
*546 Petitioner is the owner of two buildings on a plot 20 feet by 118 feet, one erected in 1918 and the other in 1919, each containing two apartments. The record shows that on July 15, 1955 petitioner rented the second-floor apartment in the front building and filed a report of decontrol with the Bent Commission under paragraph (i) of subdivision 2 of section 2 of the State Besidential Bent Law (L. 1946, ch. 274 as amd.) and subdivision 12 of section 9 of the State Bent and Eviction Begulations. The tenant thereupon filed an application for a decrease in rent, claiming that he occupied an apartment in a four-family house, that the rent previously was $55 per month, that he was presently paying $75 per month, and that the landlord had failed to paint and decorate as required. The landlord stated the premises were decontrolled as per his report of decontrol on file and that the tenant’s application was without merit. The local rent administrator requested production of the certificate of occupancy, which was produced. This certificate refers to the building as a “ Non-Multiple Dwelling ’ ’. The local rent administrator, without an inspection, granted tenant’s application, reduced the rent to $49 a month for “decrease in services — paint and decorating; hall light on tenant’s meter”, and also rejected the landlord’s report of decontrol. Petitioner filed a protest alleging that the premises consisted of two two-story frame dwellings located in the front and rear of the premises, and their erection on the plot in 1918 and 1919. It was further claimed that at the time of the purchase of the buildings by petitioner’s predecessor the two buildings were separately heated by coal but that said predecessor, finding the cost of coal and the firing of two separate heating units' too costly, installed a boiler large enough to heat both buildings and connected the heating pipes of the other building to it.
In an order and opinion, wherein respondent reviewed the claims of the parties, respondent held that “ the record was inadequate to sustain the Local Bent Administrator’s determination ; that, if the subject apartment was no longer subject to control the Local Bent Administrator was without authority to entertain the tenant’s application for a decrease and that, if the apartment was one unit in a two-family dwelling and was vacant subsequent to April 1, 1953, it was not subject to control and the landlord’s report, of decontrol should have been accepted.” Bespondent further found that the record did not show whether the subject unit was contained in a two-family dwelling or in a building containing more than two apartments *547 and that the letter from the department of housing and buildings which showed that the building is reported as a nonmultiple dwelling was not conclusive. The matter was remanded to the local rent administrator with directions to “ have a physical inspection made of the premises to determine whether the subject building is a two-family unit within the meaning of Section 9(12) of the Regulations ” and “ for further processing not inconsistent with this opinion”. The local rent administrator notified the parties of the reopening of the proceedings and the proposal to conduct a physical inspection and afford the parties an opportunity to submit further evidence. The report of the inspector made as directed states: ‘ ‘ Inspection reveals that there are 2 families occupying subject accommodations.” The tenant filed an affidavit stating the proceeding was unnecessary and that the local rent administrator’s decision should be adhered to and the landlord filed an affidavit again claiming the subject unit was contained in a two-family dwelling. Notwithstanding that the only evidence received by the local rent administrator in the reopened proceeding was the report of the inspector and that the respondent had indicated that the evidence upon which the local rent administrator made the first determination was “ inadequate to sustain the Local Rent Administrator’s determination,” the latter held the “ Evidence indicates that subject structure is not a two-family dwelling within the meaning of Section 9(12) of the Regulations,” and affirmed his previous order decreasing the rent and rejecting the landlord’s report of decontrol. Certainly, if the evidence upon which the local rent administrator based his first determination was inadequate to sustain that determination, as respondent found in his opinion and order of remand, the further evidence, the report of the commission’s inspector, added nothing to support the determination, but rather tended to negate such determination since the inspection showed the premises to be a two-family dwelling. The affirmance by the local rent administrator of his previous order was without evidence to support it, and was arbitrary and contrary to law.
Petitioner filed a protest against the order of affirmance and respondent denied the same and affirmed the order of the local rent administrator. What has been said above with respect to the local rent administrator’s determination and affirmance of his previous order may be repeated here with respect to respondent. It is difficult to ascertain the basis for the denial of the protest in the light of the findings of respondent in the order of remand. The opinion and order of respondent is of no *548 help in resolving the question. After reviewing the facts and outlining the proceedings before the local rent administrator, respondent found:
“ The Administrator is of the opinion that the order of the Local Rent Administrator is proper and should be sustained. The landlord states that the structure herein is occupied by only two families but is á companion building to a house located on the same lot, with a common heating system. It is undisputed that there are more than two families living in both buildings combined. The record is undisputed that there is a common heating plant serving the two families in the subject and adjoining premises. The subject building is therefore not a two-family building within the meaning of Section 9(12) of the Regulations. On the basis of the entire evidence of record, the Administrator finds that the accommodation herein is subject to rent control.”
Respondent, in his brief argues that Matter of Castleton Estates v. Abrams (1 A D 2d 390, 392) applies to the instant situation and is controlling. The instant case is clearly distinguishable. There the court stated: “ The record before the commission amply demonstrates that the development has always been operated as a single project. There is no proof that any one building in this development at any time during its existence has ever been operated or maintained as a single, individual, separate unit apart from the others.” The court there further held that it could not “ adopt these criteria as establishing an invariable rule upon which to grant or deny decontrol ’ \
Here, the two buildings could not have been operated as a single project until the second building was erected a year later. The fact that the two houses are under single ownership and have one heating plant does not of itself, with nothing more, make the two separate dwellings of two families each a four-family dwelling (see Matter of Castleton Estates v. Abrams, supra). The record in the instant case is clearly insufficient to sustain the finding that the buildings are similar to those described in Matter of Castleton Estates v. Abrams (supra). The purport and tenor of the language used in that case indicates that the decision was based on the facts therein set forth and that the factors therein mentioned with the other circumstances there present impelled ‘ ‘ the conclusion that the refusal of the Administrator to decontrol the subject premises was not violative of the statute and was not arbitrary, unreasonable or capricious.”
*549 While there is some evidence in the record of the renting of part of the front basement (the landlord states it was the garage), it is not now rented. In any event, it does not appear that the use of the garage or basement entered into the determination of either the local rent administrator or respondent.
The determination of respondent, being without any substantial evidence to support it, is arbitrary, unreasonable and contrary to law. The petition for review is granted, the determination of respondent annulled and respondent directed to issue an order of decontrol. Settle order on notice.