George Postel, J.
In this article 78 proceeding, petitioner landlord seeks review of respondent Rent Administrator’s determination decontrolling two of his four adjacent buildings.
In 1954 and 1955 the two buildings, as single-family dwellings, became vacant, and the landlord, under existing laws, filed an application for decontrol which was accepted “ subject to examination and review ”, No examination and review was had for approximately 11 years.
In 1966, upon the application of two tenants, the respondent ordered the two buildings recontrolled. The respondent found that the two buildings formed the rear part of a complex of four buildings and that the other two buildings front on a public street and were always rent-controlled. He also found that the rear buildings consist of one apartment each, are separated by 20 feet from the two front buildings which are attached, and contain a total of 9 more apartments. All the buildings derive their heat from a single heating plant in one building, obtain water from a single main, electricity from a single power line, and have been owned and operated since 1943 as an entity under a single owner, single mortgage and single janitorial service.
The petitioner does not dispute the facts found by respondent but contends that because the buildings are separate structures with separate entrances to and from the public street, have separate post-office addresses, have separate certificates of occupancy, and are separately taxed, the two single-family buildings in dispute should not be deemed part of a multiple dwelling complex subject to rent controls. He also contends that in view of these facts, respondent’s determination is arbitrary, capricious, and an abuse of discretion. Petitioner further contends that respondent acted contrary to subdivision (a) of section 88 of the City Rent, Eviction and Rehabilitation Regulations, which provides the respondent “ may not modify, supersede or revoke any order issued under these or previous regulations unless he finds that such order was the result of illegality, irregularity in vital matters, or fraud ”.
In Matter of Klein v. Weaver (7 Misc 2d 545) the court directed decontrol of two adjacent buildings, each containing two apartments, with common utility services and one heating plant, upon the rationale that such facts did not support the findings of the Rent Administrator.
*917 Although petitioner landlord may have no vested right in a rent statute to thwart a change, the respondent had no power to effect a change so as to recontrol petitioner’s buildings. Under subdivision (a) of section 88, respondent cannot recontrol buildings unless his prior order was obtained through illegality, irregularity in vital matters, or fraud. (Matter of Goldstein v. Gabel, 44 Misc 2d 20.) The papers herein fail to demonstrate any application by respondent of the exclusionary language of the statute or facts in the record to warrant such application. Respondent cannot, therefore, make a retrospective application of rules and regulations, and such action constitutes an abuse of discretion. (Matter of Alamac Estates v. McGoldrick, 2N Y 2d 87.)
Respondent contends his agency has begun to liberalize its policy of determining a basis for decontrol, but he fails to reconcile this change of direction with the prohibition of subdivision (a) of section 88. Some consistency of determination is desired in respondent, as part of an administrative body exercising quasi-judicial powers. (Rensiew Holding Corp. v. Berman, N. Y. L. J., Dec. 29, 1967, p. 16, col. 3.)
Under these circumstances, respondent was arbitrary and capricious in making his determination, and in violation of lawful procedure in its application.
Accordingly, respondent’s determination revoking the reports of statutory decontrol filed in 1954 and 1955 is annulled.