Samuel M. Gold, J.
By this article 78 proceeding, petitioner-landlord seeks to review an order of respondent Commissioner of the Department of Rent and Housing Maintenance by which certain housing accommodations were held subject to rent control *851 and maximum rents on same were reduced for an alleged failure to provide essential services.
The threshold question involved is whether the subject accomodations are, in fact, four two-family houses, which are, as petitioner contends, decontrolled (Rent, Eviction & Rehabilitation Regulations of the New York City Rent & Rehabilitation Administration, § 2, subd. f, par. [12]), or whether they constitute, as respondent has determined, ‘1 a horizontal multiple dwelling consisting of eight accommodations.”
Subject premises consist of four adjoining buildings, each of which has two apartments, and each apartment is occupied by a single family only. The Department of Buildings long ago classified this housing group as “ Not a Multiple Dwelling ” and, in 1928, when the four structures were constructed on two separate lots, two sets of plans, one for each set of two houses, were filed with a description of the premises as “ Two Fíame Dwellings ”. This initial and presently continuing classification by the Building Department of petitioner’s houses, and the maintenance of two separate files thereon, is fully buttressed by the definition of a multiple dwelling contained in subdivision 7 of section 4 of the Multiple Dwelling Law, which reads as follows :“A‘ multiple dwelling ’ is a dwelling which is either rented, leased, let or hired out, to be occupied, or is occupied as the residence or home of three or more families living independently of each other ”. Two-family dwellings are clearly excluded.
Moreover, in further support of petitioner’s claim that each of the four buildings constitutes a separate and independent housing unit, it is noted that: each building has a separate address; each building has a separate entrance; each building has a separate basement, separate attic and separate stairway, and there is no access from any part of one building to any part of any other; each building is separated from roof to basement by concrete-filled walls; each building has a separate sewerage house trap; each building has a separate vent; each building has its own hot-water heaters; and each set of two buildings face different directions and have separate roofs, chimneys and water meters.
Against this abundant and compelling demonstration of independent, two-family housing structures, respondent sets forth a miuirrmm number of claimed evidentiary indicia as a proposed base for his order — none of which appear legally sufficient or practically persuasive. That the four buildings are serviced by a single heating plant because of their single ownership cannot occasion such separate structures to lose their individual *852 identity (Matter of Klein v. Weaver, 7 Misc 2d 545). Moreover, it is clear that any other common services or common characteristics among the buildings can be readily eliminated by comparatively insignificant monetary expenditure so that neither such services nor such characteristics can or should be employed in attempted proof of a single multiple dwelling or a single physical construction.
Ñor can the fact that there presently exists on the buildings a common mortgage, placed thereon by the present single owner when he purchased the buildings in April, 1967, long after decontrol was legally effectuated, serve as a prop for the instant determination of respondent, especially since, when first constructed, there were four separate mortgages on each of the four separate buildings. In addition, title to each building can easily be transferred to four separate legal entities at any time that petitioner so desires, and the present single ownership constitutes no evidence of a single structural unit.
Accordingly, not only does the record herein fail to support respondent’s determination by any substantial or compelling evidence, but the weighty and persuasive proof is to the contrary. The buildings were intended to be physically separate and independent units when built, they were classified by the Building Department as such, and it must be held that they remain so today, despite their single ownership. In similar recent situations, where the proof and indicia of separate entities was neither so plain nor so compelling, our Court of Appeals, nevertheless, decided in favor of the independent structure claims advanced (see Matter of Amorelli v. Berman, 19 N Y 2d 960; Matter of Coyle v. Gabel, 21 N Y 2d 808). This court can do no less.
Since subject housing accommodations are not within the purview of chapter 51, title Y, of the Administrative Code, they are not subject to rent control, and respondent was without jurisdiction to make determinations as to provisions for essential services and to reduce maximum rentals thereby. The order and decision of respondent was arbitrary, capricious, an abuse of discretion and contrary to the relevant facts and prevailing law. As such, it must be annulled, and the subject premises declared not subordinate to statutory rental controls.
The petition is granted, the order and determination is vacated, and the respondent is directed to issue an order decontrolling the premises.