■ In the Matter of PETER MENOUDAKOS, Respondent, v. FREDERIC S. BERMAN, as Department of Rent and Housing Maintenance Commissioner, Appellant, and WILLIAM BOSTEN, Intervenor.— Judgment entered December 18, 1968, reversed on the law, without costs and without disbursements; petition for judicial review dismissed and determination of the Commissioner of the Department of Rent and Housing Maintenance reinstated. The issue before the Commissioner was whether, within the meaning and intent of the rent law and regulations, petitioner-respondent's buildings containing eight apartments were part of an eight-family complex or were two-family houses. If the apartments are considered to be an eight-family complex they are controlled. But, if they are found to be two-family houses, those apartments becoming vacant after April 1, 1953 would be decontrolled pursuant to provisions of the rent law and regulations applicable only to one and two-family houses. The record amply supports the Commissioner's findings that the apartments were integral parts of an eight-family complex and therefore subject to control. The buildings are under single ownership and operated as a single unit by the landlord. The buildings have basic common facilities, they are interdependent, and were described by the present landlord in an earlier application for a certificate permitting the eviction of a tenant as containing eight apartments. It has been repeatedly held that the Legislature in granting decontrol was primarily concerned with giving relief to nonprofessional owners of one and two-family houses sometimes described as " small non-professional landlords ". (See *Matter of Castleton Estates* v. *Abrams,* 1 A D 2d 390; *Matter of Bayqueen Corp.* v. *Gabel,* N. Y. L. J., June 2, 1965, p. 17, col. 1, affd. 26 A D 2d 771; *Matter of Berger* v. |*Herman,* 15 A D 2d 792; *Matter of Kahan* v. *Weaver,* 12 A D 2d 641; *Matter of Elman* v. *Weaver,* 9 A D 2d 694; *Matter of Brookrock Realty Corp.* v. *Berman,* N. Y. L. J., Nov. 13, 1967, p. 25, cols. 6–7, affd. 32 A D 2d 541). The Rent Commissioner is the arbiter of questions of fact and his determination may not be set aside unless clearly arbitrary. (*Matter of Venizelos* v. *Abrams,* 1 A D 2d 782.) The function of the court is exhausted when there is a rational basis for the conclusion reached by the Rent Commissioner. (*Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104; *Matter of Colton* v. *Berman,* 21 N Y 2d 322.) In our opinion on this record the Rent and Housing Maintenance Commissioner's finding that the subject structure was an eight-

family complex rather than four two-family houses was supported by substantial evidence and had a rational basis. (*Matter of Cuccia* v. *Weaver,* 9 A D 2d 689; *Matter of Bobal Holding Corp.* v. *McGoldrick,* 285 App. Div. 1177.) Consequently, the court is not entitled to substitute its judgment for that of the Commissioner. (*Matter of Park East Land Corp.* v. *Finkelstein,* 299 N. Y. 70, 75; *Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150, 153; *Matter of Bosco* v. *Weaver,* 5 A D 2d 879.) Concur— Capozzoli, J. P., Tilzer, McGivern and Nunez, JJ.; Markewich, J., dissents in the following memorandum: I dissent and would affirm for the reasons given in the opinion at Special Term. [59 Misc 2d 850.]