■ In the Matter of WILLIAM SPECK et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and UPPER WAVERLY, Intervener-Respondent. [740 NYS2d 197] —Order and judgment (one paper), Supreme Court, New York County (Joan Madden, J.), entered on or about June 26, 2001, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated August 23, 2000, that dismissed petitioner tenants' rent overcharge complaints on the ground that the building in which the tenants' apartments were located was not subject to rent regulation, unanimously affirmed, without costs.

The issue of whether the subject premises is a horizontal multiple dwelling was necessarily decided by the Rent Control Agency prior to its issuance of the September 1965 decontrol order affecting the premises (*see, e.g., Matter of Menoudakos v Berman*, 32 AD2d 631, *affd* 25 NY2d 723). In light of respondent DHCR's entirely rational finding that the criteria for determining what constitutes a horizontal multiple dwelling had not changed since the 1965 decontrol order, and its concomitant finding, also rationally based, that there had been no material structural alteration to the premises since the decontrol order, its determination to adhere to the horizontal multiple dwelling determination underlying the 1965 decontrol order, and thus to dismiss petitioners' overcharge complaints, was rationally based and may not be judicially disturbed (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231; *Greystone Mgt. Corp. v Conciliation & Appeals Bd.*, 94 AD2d 614, 616-617, *affd* 62 NY2d 763). Concur—Andrias, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.